HEIMERDINGER *v.* HEIMERDINGER.

1. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—LAND IN DIFFERENT COUNTIES—STATUTES.

Under statute relating to foreclosure by advertisement of mortgages on land situated in different counties, the officer making such sale is required to make a separate deed for the lands sold in each county and to specify the amount for which each parcel of land was sold (3 Comp. Laws 1929, § 14433).

2. EQUITY—FORFEITURES—STATUTES.

Courts of equity have large powers for relief against the consequences of inevitable accident in private dealings and may control their own process and decrees to that end but they have no power to relieve against statutory forfeitures, and where a valid legislative act has determined the conditions on which rights shall vest or be forfeited and there has been no fraud in conducting the legal measures, no court can interpose conditions or qualifications in violation of statute.

3. MORTGAGES—STATUTORY FORECLOSURE—REDEMPTION.

    The right to redeem from a statutory foreclosure is a legal right, is created by the statute, and can neither be enlarged nor abridged by courts, and a redemption is complete when one having the right to redeem pays in proper time to a proper person the amount of the bid with interest from the time of sale at the rate borne by the mortgage and in case such payment is made to the register of deeds, the sum of $1 as a fee (3 Comp. Laws 1929, § 14435).

4. SAME—STATUTORY FORECLOSURE—FARM LOCATED IN ADJOINING COUNTIES.

    Under statutory foreclosure of farm located in two adjoining counties where sale was conducted in accordance with statute and separate bids were received for the portion of land in each county, separate deeds were issued and deposited in offices of respective registers of deeds, the mortgagor had a legal right to redeem either or both parcels of land and, upon payment of the amount for which the land was sold plus all lawful charges, it was the duty of the register of deeds to mark the deed "redeemed" (3 Comp. Laws 1929, §§ 14433, 14435).

5. RECORDS—REGISTER OF DEEDS—REDEMPTION OF MORTGAGE.

    Record in office of register of deeds that mortgage on portion of farm located within his county had been redeemed by mortgagor upon payment of amount of the separate bid for such portion will not be expunged and removed where sale of the farm located in adjoining counties was conducted pursuant to provisions relative to statutory foreclosure and there is no evidence that the redemption price was under the fair market value of the land (3 Comp. Laws 1929, §§ 14433, 14435).

Appeal from Lenawee; Rathbun (George A.), J. Submitted July 15, 1941. (Docket No. 80, Calendar No. 41,711.) Decided September 2, 1941.

Bill by Minnie M. Heimerdinger and Anna C. Heimerdinger against Clarence G. Heimerdinger and others to expunge the record, in the office of the register of deeds, of redemption of land from mortgage sale. Bill dismissed. Plaintiffs appeal. Affirmed.

*Bourns & Bird* and *Frank J. Riley,* for plaintiffs.

*Glenn L. Williams,* for defendants.

SHARPE, C. J.    This is a chancery suit to expunge and remove from the record the record of redemption from a mortgage sale which was recorded in the office of the register of deeds, Lenawee county.

The material facts are not in dispute.    In 1922, George Heimerdinger died intestate, leaving his widow, a son, and a daughter as his sole heirs at law.    Part of his estate consisted of a farm of 153 acres, six acres of which are located in Lenawee county and the balance in Washtenaw county.    The farm had been used as one parcel and one farm for many years.    The county line runs directly through the dwelling house on the farm which consists of 10 or 12 rooms, is two stories in height, and has a central heating plant.    It is not divided into apartments and is used as one dwelling house for one family.    The county line passes through the sitting room and bed room down stairs and also cuts rooms upstairs.    The front part of the house is in Lenawee county and the back part of the house is in Washtenaw county.

In 1923, the widow, Minnie M. Heimerdinger, and daughter, Anna C. Heimerdinger, sold their interest in the farm to the son, Clarence G. Heimerdinger, giving him a deed and taking back a mortgage in the sum of $10,933.33, which mortgage was recorded in the office of the register of deeds of Lenawee county. In 1932, the mortgage was foreclosed by advertisement.    In accordance with the statute, a separate sheriff's deed was made of the Washtenaw county portion and a separate price bid placed thereon; and a separate sheriff's deed was made of the Lenawee county portion and a separate price bid of $801

placed thereon, which deed was recorded in the office of the register of deeds of Lenawee county.

About a week after the mortgage sale, defendant Clarence G. Heimerdinger deposited the sum of $801 plus interest with the Lenawee county register of deeds for the redemption of the parcel of land located in said county and the register of deeds wrote across the record of the sheriff's deed the words: "Redeemed January 19, 1933 by Clarence G. Heimerdinger—L. A. Warner, Register of Deeds."

Subsequently and before the period of redemption expired, the Washtenaw county portion of the farm was made the subject of a moratorium suit. An order under the statute * was made and the Washtenaw county portion of the farm remained under the moratorium until November, 1938, at which time plaintiffs went into possession of the Washtenaw portion of the farm and buildings.

In January, 1940, plaintiffs filed a bill in chancery and asked that they be declared the owners of the Lenawee county land claimed to have been redeemed. Defendant Myrle S. Heimerdinger is the wife of Clarence G. Heimerdinger and defendant David Hicks is the present tenant of the six acres located in Lenawee county and holds by lease from Clarence G. Heimerdinger. Upon hearing, the trial court dismissed plaintiffs' bill.

Plaintiffs appeal and contend that if the lands located in two different counties comprise a single farm, the entire farm must be redeemed from the sale.

The mortgage having been foreclosed by advertisement in 1932, the law relating to such foreclosure sale as of that date reads as follows:

---

* See Act No. 98, Pub. Acts 1933, as amended (Comp. Laws Supp. 1940, §14444-1 *et seq.*, Stat. Ann. and Stat. Ann. 1940 Cum. Supp. § 27.1321 *et seq.*).—Reporter.

"The officer or person making the sale shall forthwith execute, acknowledge, and deliver, to each purchaser a deed of the premises bid off by him; and if the lands are situated in several counties he shall make separate deeds of the lands in each county, and specify therein the precise amounts for which each parcel of land therein described was sold. And he shall indorse upon each deed the time when the same will become operative in case the premises are not redeemed according to law. Such deed or deeds shall, as soon as practicable, and within twenty days after such sale, be deposited with the register of deeds of the county in which the land therein described is situated, and the register shall indorse thereon the time the same was received, and for the better preservation thereof, shall record the same at length in a book to be provided in his office for that purpose, and shall index the same in the regular index of deeds; and the fee for recording the same shall be included among the other costs and expenses allowed by law. In case such premises shall be redeemed, the register of deeds shall, at the time of destroying such deed, as provided in section twelve of this chapter, write on the face of such record the word 'Redeemed,' stating at what date such entry is made, and signing such entry with his official signature." 3 Comp. Laws 1929, § 14433 (Stat. Ann. § 27.1229).

Under the above section it became the duty of the officer making such sale to make a separate deed for the lands sold in each county and to specify the amount for which each parcel of land was sold. In the case at bar, the above provisions were accurately followed by the officer making the sale.

The law relating to redemption of such premises in 1933 and prior to Act No. 62, Pub. Acts 1937, was as follows:

"If the mortgagor, his heirs, executors, administrators, or any person lawfully claiming from, or

under him or them, shall, within one year from the time of such sale, redeem the entire premises sold, by paying to the purchaser, his executors, administrators, or assigns, or to the register of deeds in whose office such deed is deposited for the benefit of such purchaser, the sum which was bid therefor, with interest from the time of the sale at the rate per cent. borne by the mortgage, not exceeding ten per cent. per annum, and in case such payment is made to the register of deeds, the sum of one dollar as a fee for the care and custody of such redemption money, then such deed shall be void and of no effect; but in case any distinct lot or parcel separately sold shall be redeemed, leaving a portion of the premises unredeemed, then such deed shall be inoperative merely to the parcel or parcels so redeemed, and to those portions not so redeemed shall remain valid and of full effect.'' 3 Comp. Laws 1929, § 14435 (Stat. Ann. § 27.1231).

The policy of our court in construing the provisions of the statute relative to statutory foreclosure of mortgages is well expressed in *Cameron* v. *Adams,* 31 Mich. 426, where we said:

"If the sale had been made under the decree of a court, the authorities cited on the argument would bear very strongly in favor of relieving complainant. Courts of equity have large powers for relief against the consequences of inevitable accident in private dealings, and may doubtless control their own process and decrees to that end. But we think there is no such power to relieve against statutory forfeitures. Where a valid legislative act has determined the conditions on which rights shall vest or be forfeited, and there has been no fraud in conducting the legal measures, no court can interpose conditions or qualifications in violation of the statute. The parties have a right to stand upon the terms of the law. This principle has not been open to controversy, and is familiar and elementary.''

In *Wood* v. *Button,* 205 Mich. 692, 703, we said:

"The right to redeem from a foreclosure at law is a legal right, is created by the statute, and can neither be enlarged nor abridged by courts. A redemption is complete when one having the right to redeem pays in proper time, to a proper person,— 'the sum which was bid   *   *   *   with interest from the time of the sale at the rate per cent. borne by the mortgage,   *   *   *   and in case such payment is made to the register of deeds, the sum of one dollar as a fee.'   *   *   *   3 Comp. Laws 1915, § 14959." *

See, also, *Detroit Trust Co.* v. *Detroit City Service Co.,* 262 Mich. 14; *Detroit Trust Co.* v. *George,* 262 Mich. 362.

Plaintiffs rely upon the language of the above act and *Powers* v. *Golden Lumber Co.,* 43 Mich. 468, and *Wood* v. *Button, supra,* in support of their claim that if the lands located in two different counties comprise a single farm, the entire farm must be redeemed from the sale. The cases cited by plaintiffs do not relate to lands in more than one county; consequently they are not controlling.

In the case at bar, the foreclosure sale was conducted as provided by statute and separate bids were received for the portion of land in each county, separate deeds were issued, and each deed was deposited in the office of the register of deeds for the county in which the particular land was located. In our opinion, defendant Clarence G. Heimerdinger had a legal right to redeem either or both parcels of land; and upon payment of the amount for which the land was sold plus all lawful charges, it was the duty of the register of deeds to mark the deed "redeemed."

---

* 3 Comp. Laws 1929, § 14435 (Stat. Ann. § 27.1231).—REPORTER.

There is some merit to the observation of the trial judge, who, in dismissing the petition of plaintiffs, said in his opinion: "In other words, they have had the opportunity of speculating over a period of seven years. They are dissatisfied with it. Now, they want these defendants to assume that burden, and it isn't fair, gentlemen." The above statement is supported by the fact that defendant Clarence G. Heimerdinger has paid the taxes and kept up the insurance on the Lenawee portion of the house and land ever since the property was redeemed.

There is no evidence that the redemption price was under the fair market value of the land. Plaintiffs having set the price for which this parcel of land could be redeemed may not now complain of the purchaser having paid the price asked.

The decree of the trial court is affirmed, with costs to defendants.

BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.