**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1287n.06

No. 12-1056

**FILED**

**Dec 13, 2012**

DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

CEDRIC M. WILLIAMS,                          )
                                             )          **ON APPEAL** FROM THE UNITED
             Plaintiff-Appellant,            )          STATES DISTRICT COURT FOR
                                             )          THE EASTERN DISTRICT OF
      v.                                     )          MICHIGAN
                                             )
PLEDGED PROPERTY II, LLC,                    )
and LITTON LOAN SERVICING LP,                )
                                             )
             Defendants-Appellees.           )

**BEFORE:  CLAY and STRANCH, Circuit Judges; BELL, District Judge.**[*]

**BELL, District Judge.**  Plaintiff-Appellant Cedric M. Williams ("Williams") appeals an order granting summary judgment to Defendant-Appellees, Pledged Property II, LLC ("Pledged Property") and Litton Loan Servicing, LP ("Litton").  For the following reasons, we **AFFIRM**.

**BACKGROUND**

This case arose out of a dispute over the foreclosure and subsequent sale of a home in Wayne County, Michigan.  Williams purchased the home on March 23, 2007, and financed the purchase with a mortgage.  Litton contracted to service the loan beginning March 30, 2007.  Williams became past due on the mortgage in September of 2007, and received Notice of Default in December of 2007.  At Williams's request, Litton agreed to a loan modification on January 2, 2008.  Williams did

---

[*] The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

not make his first three payments under the modified loan and filed for bankruptcy in July of 2008.

The automatic bankruptcy stay was lifted to allow for the foreclosure to continue in March of 2009.

Notice of Foreclosure Sale was first published in the Detroit Legal News on June 8, 2009.

Prior to the scheduled foreclosure sale, Williams requested a second loan modification from Litton.

Litton adjourned the foreclosure sale to review the request. On October 2, 2009, Litton denied the

loan modification request and proceeded with the foreclosure. Mortgage Electronic Registration

Systems, Inc. (MERS) purchased the home at the foreclosure sale on October 14, 2009, and recorded

its Sheriff's Deed on October 26, 2009. Thereafter, MERS conveyed its interest to Pledged Property

by quit claim deed the same month. After the sale, Litton continued to discuss potential options with

Williams until the lender released Litton from servicing the loan on March 1, 2010.

On June 9, 2010, after the redemption period had run, Williams filed this action in Wayne

County Circuit Court, bringing the following claims: (1) quiet title, (2) unjust enrichment, (3) breach

of implied agreement, (4) misrepresentation, (5) fraud, (6) constructive trust, and (7) breach of Mich.

Comp. Laws § 600.3205. Defendants removed the case to district court on July 12, 2010, on the

basis of diversity jurisdiction. On December 17, 2010, Defendants filed a motion for summary

judgment. On the same day, Williams filed a motion to amend the complaint to add a claim of

"Deceptive Act and/or Unfair Trade Practice." The motion to amend was denied on February 17,

2011, without prejudice. Williams did not file a response to the motion for summary judgment, and

the motion was granted by the district court on March 9, 2011. Williams filed a motion for

reconsideration, which was granted on June 9, 2011.

After oral argument on November 22, 2011, the district court again granted Defendants'

motion for summary judgment. The court explained in its oral opinion that it was granting the

motion on two grounds: (1) lack of standing and (2) the Statute of Frauds. Williams appeals this

ruling, claiming that Litton made an oral promise that it would not go forward with the foreclosure

sale and would come to terms to let Williams keep the home. Williams argues that Litton breached

its promise and acted fraudulently when it sold the house at the foreclosure sale. Williams also

appeals the denial of his motion to amend.

### STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment *de novo*. *Bowling Green*

*v. Martin Land Dev. Co.,* 561 F.3d 556, 558 (6th Cir. 2009). "The court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary

judgment, the court examines all evidence in the light most favorable to the non-moving party.

*Tingle v. Arbors at Hillard*, 692 F.3d 523, 529 (6th Cir. 2012).

This Court reviews the denial of a motion to amend for abuse of discretion. *Rose v. Hartford*

*Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

No. 12-1056
*Williams v. Pledged Property II, LLC, et al.*

## DISCUSSION

The district court, in its oral decision, did not specify which claims failed due to lack of standing and which claims failed due to the Statute of Frauds. This opinion will address each of these issues separately.

### I.  Standing under Michigan Law

Under Michigan law[1], a party must have "a legal or equitable right, title, or interest in the subject matter of the controversy" to establish standing.[2] *MOSES, Inc. v. Se. Mich. Council of Gov'ts*, 716 N.W.2d 278, 286 (Mich Ct. App. 2006) (internal quotation marks omitted); *Awad v. Gen. Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *2 (Mich. Ct. App. Apr. 24, 2012) (per curiam). Upon foreclosure, the rights of both the mortgagor and mortgagee are controlled by statute. *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 642 (Mich. 1993). Michigan's foreclosure statute provides that, once the redemption period is expired, all of the mortgagor's rights in the property are extinguished by operation of law. Mich. Comp. Laws § 600.3236; *Piotrowski v.*

---

[1] This Court is exercising diversity jurisdiction, thus it "must apply the same substantive law as would have been applied if the action had been brought in a state court of the jurisdiction where the federal court is located." *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007).

[2] In this case, the arguments brought by the parties and the conclusion stated by the district court are based on standing under Michigan state law, not Article III. Although not addressed, this Court is satisfied that Williams has standing under Article III to raise his claims. Therefore, the discussion is limited to Williams's standing under Michigan law. *See Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009) ("When jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action."); *see also Owen of Ga., Inc. v. Shelby Cnty.*, 648 F.2d 1084, 1088-90 (6th Cir. 1981).

4

*State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). This includes any rights arising under equity. *Senters,* 503 N.W.2d at 644 ("Where, as in the present case, a statute is applicable to the circumstances and dictates the requirements for relief by one party, equity will not interfere.").

The redemption period following a foreclosure is six months after the date of the sale, Mich. Comp. Laws § 600.3240, and Michigan law does not allow for an extension of the statutory redemption period absent a clear showing of fraud or irregularity. *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969). The Michigan courts have determined that, after the expiration of the redemption period, a mortgagor does not have standing to bring an action to quiet title or challenge the foreclosure proceedings. *See Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (per curiam); *Sagmani v. Lending Assocs. LLC*, No. 302865, 2012 WL 3193940, at *1 (Mich. Ct. App. Aug. 7, 2012) (per curiam); *Awad*, 2012 WL 1415166, at *4.

In this case, the district court held that Williams lacked standing to bring this case because, after the redemption period expired, Williams did not have a legal interest in the house. The foreclosure sale occurred on October 26, 2009, and the case was filed on June 9, 2010, nearly eight months after the sale and well after the end of the statutory redemption period. Thus, absent a clear showing of fraud or irregularity, Williams's rights to the property were extinguished, and he lacked standing under Michigan law to challenge the foreclosure proceedings or the foreclosure sale. *See Overton*, 2009 WL 1507342, at *1 (citing Mich. Comp. Laws § 600.3236).

5

Williams attempts to invoke the fraud or irregularity exception to extend the redemption period. In order to qualify for the exception and extend the redemption period, the fraud or irregularity must be in "conducting the legal measures." *Heimerdinger v. Heimerdinger*, 299 N.W. 844, 846 (Mich. 1941). This requires that the fraud or irregularity be present in the foreclosure procedure itself. *Sagmani*, 2012 WL 3193940, at *1 ("A party can challenge the foreclosure after the redemption period only if there is clear evidence of fraud or irregularity in the foreclosure proceedings."). However, Williams's claim of fraud relies on oral assurances during a negotiation to change the terms of the contract. Despite the fact that the negotiations may have taken place during the foreclosure process, these negotiations remained separate from the foreclosure process itself. As such, even if assumed to be true, Williams's allegations of fraud would not qualify him for the fraud exception because they are not fraud or irregularity in "the legal measures" of the foreclosure process.

Consequently, Williams did not have standing to assert any claim to legal or equitable title in the home because the redemption period had expired and he did not allege any fraud or irregularity in the foreclosure process. Without any legal or equitable title in the home, Williams cannot receive injunctive relief restoring him to title in the home. Therefore, Williams's claims for quiet title and constructive trust were properly dismissed.

## II.  Michigan Statute of Frauds

Williams also seeks relief for breach of implied agreement, misrepresentation, and fraud on account of an oral promise allegedly made by Litton to delay the foreclosure sale.  However, the Michigan Statute of Frauds expressly states that "[a]n action shall not be brought against a financial institution to enforce [a promise or commitment to waive a provision of a loan or make any other financial accommodation] unless the promise or commitment is in writing and signed."  Mich. Comp. Laws § 566.132(2).  The language of this statute is unambiguous and should be read as an "unqualified and broad ban" of any claim – "no matter its label" – against a financial institution to enforce the terms of an oral promise waiving a loan provision.  *Crown Tech. Park v. D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000).

Williams, relying on *Schering-Plough Healthcare Products, Inc. v. NBD Bank, N.A.*, 98 F.3d 904 (6th Cir. 1996), argues that the meaning of "financial accommodation" in § 566.132(2) requires that the financial institution be exposed to some sort of risk of loss before there would be a writing requirement.  Williams's argument is misplaced.  In the period between *Schering-Plough* and this case, the Michigan Court of Appeals has clearly interpreted § 566.132(2) to include promises to delay foreclosure sales, holding that "an agreement to delay a foreclosure sale is an agreement to make a 'financial accommodation.'"  *FEI Co. v. Republic Bank, S.E.*, No. 268700, 2006 WL 2313612, at *2 (Mich. Ct. App. Aug.  10, 2006) (quoting Mich. Comp. Laws § 566.132(2)(a)).

Here, Williams's claims relied on an alleged promise or agreement by Litton to delay the foreclosure sale. Although Williams does not specify whether these assurances happened before, after, or both before and after the foreclosure sale, this uncertainty does not affect the outcome of this case. Williams did not support his allegations with a writing. He relied solely on oral assurances allegedly made by Litton. The courts cannot enforce such a promise without evidence that would satisfy the Statute of Frauds. Because Williams did not come forward with a writing, his claims of breach of implied agreement, misrepresentation, and fraud were properly dismissed.

## III. Unjust Enrichment

Williams's claim of unjust enrichment was also properly dismissed, because this transaction was governed by contract. Upon establishing the elements of unjust enrichment, the law will imply a contract, but only if there is no express contract governing the same subject matter. *Belle Isle Grill Corp. v. Detroit*, 666 N.W.2d 271, 280 (Mich Ct. App. 2003). In this case, there was a contract which controlled the foreclosure, so a claim for unjust enrichment cannot succeed.

## IV. Violation of M.C.L. § 600.3205

Williams also claims that Defendants were in violation of § 600.3205. This statute applies only to proceedings in which the first notice was published after July 5, 2009, and before December 31, 2012. Mich. Comp. Laws § 600.3204(5). First notice of the foreclosure was published on June 9, 2009, before the effective date of the statute. Therefore, this statute could not have been violated, and this claim was also properly dismissed.

## V.  Amended Complaint

Finally, the district court did not abuse its discretion in denying, without prejudice, Williams's motion to amend his complaint to add a claim of "Deceptive Act and/or Unfair Trade Practice."  The district court applied the correct standard in its determination and cited both the untimely nature of the motion and also the prejudice that would have been suffered by the Defendants had it allowed the motion.  Furthermore, any amendment would have been futile because Williams's vague and speculative assertions were insufficient to state a plausible claim of fraud or irregularity.  *See Ashroft v. Iqbal*, 556 U.S. 662 (2009).

### CONCLUSION

For these reasons, we **AFFIRM** the judgment of the district court.