# STATE OF MICHIGAN

# COURT OF APPEALS

CONSTANTINE NITSOS,

    Plaintiff-Appellant,

v

FIFTH THIRD BANK, FIFTH THIRD
MORTGAGE CORPORATION, and FIFTH
THIRD MORTGAGE-MI, L.L.C.,

    Defendants-Appellees.

UNPUBLISHED
June 11, 2015

No.  321509
Genesee Circuit Court
LC No.  13-100604-CH

Before:  SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

In this dispute arising from the foreclosure of real property, plaintiff, Constantine Nitsos, appeals by right the trial court's order dismissing his claims against defendants, Fifth Third Bank, Fifth Third Mortgage Corporation, and Fifth Third Mortgage-MI, L.L.C. (collectively, Fifth Third), under MCR 2.116(C)(10).  He also argues that the trial court erred when it denied his motion to compel Fifth Third to give him the information necessary to redeem the property at issue.  Because we conclude the trial court did not err when it dismissed Nitsos' claims and did not abuse its discretion when it denied his motion to compel, we affirm.

## I.  BASIC FACTS

In September 2004, Nitsos and his then wife borrowed $610,000 from First Financial Services, Inc. to purchase a home.  Nitsos and his former wife executed a note to the order of First Financial and granted it a mortgage to secure repayment of the note.  In that same month, First Financial transferred the note to the order of Fifth Third Mortgage-MI and assigned the mortgage securing the note to Fifth Third Mortgage-MI.  Fifth Third Mortgage-MI transferred the note and mortgage to Fifth Third Mortgage Company in October 2012.  Fifth Third Mortgage Company recorded the assignment in that same month.

In July 2012, Fifth Third sent a letter to Nitsos and his former wife.  It stated in the letter that they were more than $13,000 in arrears under the note and gave them 30 days to bring the payments up to date or it would accelerate the note and foreclose on the property.  Neither Nitsos nor his former wife brought the payments up to date.

-1-

Nitsos, however, applied for a modification to the terms of the note under the Making Home Affordable Program in August 2012. In a letter dated August 14, 2012, Fifth Third informed Nitsos that it required additional documentation, including documentation to verify the income for each borrower. In the letter, it further warned that the failure to provide the documentation "may result in the ineligibility for a foreclosure prevention alternative and any current foreclosure proceedings will continue."

In October 2012, Fifth Third Mortgage Company notified Nitsos and his former wife through its counsel, Trott & Trott, P.C., that it was commencing foreclosure on the property. In the notice, Fifth Third's lawyer represented that it had authority to make agreements under MCL 600.3205b and MCL 600.3205c on Fifth Third's behalf.[1] Fifth Third's lawyer stated that Nitsos had 30 days to contact it or a listed housing counsellor to request a meeting to attempt to work out a modification of the note and it warned Nitsos that it would not be sufficient to rely on any current mitigation options that he might be pursuing: "For this provision to be applicable, the request for a meeting must be made despite any independent loss mitigation options you may be pursuing with your lender." Neither Nitsos nor his former wife made the necessary request.

In November 2012, Fifth Third sent a letter to Nitsos and his former wife stating that they did not qualify for a loan modification because they did not provide the documentation requested in the letter of August 2012.

Fifth Third proceeded with the foreclosure and a deputy sheriff sold the real property at auction to Fifth Third Mortgage Company on December 12, 2012.

On June 11, 2013, just one day before the expiration of the redemption period, Nitsos sued Fifth Third. In his complaint, Nitsos alleged that he hired Lifetime Financial to assist him with an application for a loan modification from Fifth Third. He alleged that he submitted every document that Fifth Third requested for the loan modification, but Fifth Third ignored his attempts to make further contact. He maintained that he also did not have notice of the foreclosure scheduled for December 12, 2012.

Nitsos alleged several claims against Fifth Third. For his first claim, Nitsos stated that Fifth Third's misconduct—including fraud—warranted an injunction; specifically, he asked the court to order Fifth Third, in relevant part, to comply with MCL 600.3205, convert the foreclosure to a judicial foreclosure, or enter into a loan modification agreement with him. He also asked the court to "toll" the redemption period and enjoin Fifth Third from evicting him. In a second claim, which he titled "Slander of Title/Quiet Title," Nitsos alleged that the sheriff's sale was improper and voidable. Accordingly, he stated, the sale "must be declared void" and the trial court should award him damages. Nitsos also alleged that Fifth Third violated the Fair Debt Collections Practices Act, 15 USC 1692 *et seq.*, in a third claim. Finally, Nitsos alleged that he was entitled to declaratory relief on several outstanding issues, including whether the

---

[1] The Legislature repealed MCL 600.3205a to MCL 600.3205d, effective June 2013. See 2012 PA 521.

sheriff's sale was improper given that he had applied for a loan modification and whether Fifth Third properly handled the loan modification.

On that same day, the trial court entered an ex parte order, which had been prepared by Nitsos' lawyer. The court ordered that the period for redemption would be tolled during the pendency of the litigation and restrained Fifth Third from evicting Nitsos or taking any action against the property. In July 2013, after it held a show cause hearing, the trial court entered a permanent restraining order to that same effect.

Also in July 2013, the trial court entered a scheduling order. The court ordered the parties to complete discovery by December 6, 1013. It further provided that the parties must file any dispositive motions by January 17, 2014.

In September 2013, Fifth Third served Nitsos with a request for admissions, request for production of documents, and interrogatories.

After the close of discovery, in December 2013, Fifth Third moved for summary disposition under MCR 2.116(C)(8) and (C)(10). In its motion, Fifth Third argued that the undisputed evidence showed that it owned the note at issue, had recorded the corresponding mortgage, and followed all necessary procedures—including properly handling Nitsos' request for a loan modification—to foreclose against the real property. Fifth Third supported its argument with documentary evidence, including copies of the note and mortgage, of the transfers of the note and mortgage, copies of its correspondences with Nitsos, and documents establishing that the foreclosure was properly noticed and conducted. It also relied on its request for admissions, which it stated must be deemed admitted because Nitsos did not submit an answer to them. It submitted an affidavit by a lawyer with the law firm that handled the foreclosure. In the affidavit, the lawyer averred that Fifth Third gave Nitsos the notice required under MCL 600.3205a(1) and Nitsos did not request a meeting. Because the undisputed evidence established that the sheriff's sale was proper, Fifth Third asked the trial court to dismiss Nitsos' claims premised on Fifth Third's purported failure to consider a loan modification and failure to properly foreclose. Finally, Fifth Third argued that the trial court should dismiss Nitsos' claim that Fifth Third violated the Fair Debt Collection Practices Act because the undisputed evidence showed that it was collecting on its own behalf and, therefore, was not a debt collector within the meaning of that act.

Nitsos responded to Fifth Third's motion on January 23, 2014. He argued that he was entitled to a loan modification, which Fifth Third wrongfully refused in violation of MCL 600.3205c. He also stated that he sent Fifth Third all the requested documents—46 pages in total—and was not required to submit documentation for his former wife. In support of his evidentiary claims, Nitsos relied on his complaint, copies of fax cover sheets, which apparently show that he sent many pages of documents to Fifth Third through Lifetime Financial, and a copy of email correspondence between his representative at Lifetime Financial and a representative with Fifth Third. For that reason, Nitsos maintained, there was at the least a question of fact as to whether he was entitled to have the sheriff's sale set aside.

Nitsos also stated that he properly pleaded a claim against Fifth Third under the Fair Debt Collection Practices Act. Finally, he stated that the evidence he presented showed that Fifth Third engaged in misconduct that prejudiced him and warrants an equitable remedy that would enable him to stay in his home on reasonable terms.

In February 2014, Nitsos filed a motion asking the trial court to order Fifth Third to provide Nitsos with all the information necessary to redeem the property. Nitsos alleged that Fifth Third had refused to provide the information because it believed that the period for redemption had expired, notwithstanding the trial court's order tolling the period of redemption.

In response to this motion, Fifth Third argued that the trial court did not have the authority to toll the period of redemption in the absence of evidence of fraud. Because the undisputed evidence demonstrated that there was no fraud, the period of redemption could not be tolled.

In February 2014, Fifth Third moved for sanctions against Nitsos for failing to comply with discovery. Fifth Third noted that Nitsos had not responded to its request for admissions, request to produce documents, or its interrogatories. It further stated that Nitsos failed to timely respond to its motion for summary disposition and, when he did finally respond, he included documentation that he did not turn over before the close of discovery. It also stated that Nitsos did not timely file a witness list. Because of these lapses, Fifth Third was now in a position where it could not depose Nitsos' witnesses or conduct further discovery concerning his documents. On the basis of this conduct, Fifth Third asked the trial court to dismiss Nitsos' complaint with prejudice. In the alternative, it asked the trial court to strike Nitsos' witness and exhibit lists and preclude Nitsos from raising any evidence or arguments arising from evidence that it refused to disclose during discovery. Finally, Fifth Third asked the trial court to order Nitsos and his lawyer to pay its costs and reasonable attorney fees.

In response to Fifth Third's motion for sanctions, Nitsos argued that he did not respond to the discovery requests because Fifth Third filed a dispositive motion and the "admissions were unrelated to, and did not affect, the disputed material factual issues or relate to any of [his] allegations or claims." He also noted that Fifth Third has not moved to have the admissions "deemed admitted."

The trial court held a hearing on Fifth Third's motion for summary disposition and Nitsos' motion to compel Fifth Third to provide him with a redemption quote in February 2014. At the hearing, Nitsos' lawyer took the position that he did not need to provide Fifth Third with discovery because Fifth Third immediately filed a motion for summary disposition and did not make any follow up requests for discovery. Further, he stated, Fifth Third did not move to have the requests deemed admitted. He also acknowledged that he had no witness who could testify that Nitsos independently qualified for a loan modification, but felt that Nitsos could have qualified. For that reason, he argued, Fifth Third did not really need documentation concerning Nitsos' former wife's income and could not deny his request for a loan modification on that basis.

-4-

Fifth Third's lawyer argued that he did not have to file a motion to have the requests to admit deemed admitted. He also noted that he filed his discovery requests within the time set by the trial court's scheduling order and did not file his motion until after the close of discovery. As such, he maintained, Nitsos' lawyer had no excuse for failing to respond to the discovery requests. Because Nitsos failed to present any evidence to rebut Fifth Third's evidence, Fifth Third's lawyer asked the trial court to dismiss Nitsos' claims. Fifth Third's lawyer similarly argued that the trial court should deny Nitsos' motion concerning the redemption period because he failed to present any evidence of fraud that would warrant an equitable extension of the period of redemption.

The trial court agreed that Nitsos failed to present any evidence to rebut Fifth Third's evidence and agreed that the admissions must be deemed admitted. The trial court also agreed with Fifth Third's lawyer that the period of redemption had now expired.

In April 2014, the trial court entered an order denying Nitsos' motion to compel and granting Fifth Third's motion for summary disposition for the reasons stated on the record. The trial court dismissed Nitsos' claims with prejudice, but without costs or fees for either party. Later that same month, Nitsos moved for reconsideration. In an order entered in May 2014, the trial court denied Nitsos' motion because it was untimely and filed after he filed his appeal in this Court.

We now consider Nitsos' claims of error on appeal.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

On appeal, Nitsos argues that the trial court erred when it granted Fifth Third's motion for summary disposition. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Eng, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Because the trial court considered evidence outside the pleadings when deciding Fifth Third's motion, we shall review the motion under the rules applicable to a motion under MCR 2.116(C)(10). See *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000).

### B. ANALYSIS

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The trial court should grant a motion under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact" and, given the undisputed evidence, "the moving party is entitled to judgment or partial judgment as a matter of law." In making its motion, the moving party must identify the issues as to which there is no genuine issue as to any material fact and must support its motion with affidavits, depositions, admissions, or other documentary evidence. *Barnard Mfg*, 285 Mich App at 369. If the moving party properly supports its motion, the burden of production shifts to the opposing party. *Id.* at 370. The opposing party must then present evidence to establish that there is a genuine issue of material fact; the opposing party may not rely on mere allegations or denials in his or her pleadings to establish an issue of material fact. *Id.* at 374.

-5-

In its motion for summary disposition, Fifth Third presented documentary evidence that it owned the note at issue, that it had properly recorded the mortgage securing the note, and that it communicated with Nitsos to collect on the note on its own behalf and to offer him an opportunity to modify his loan and avoid foreclosure. It also presented evidence that it denied Nitsos' request to modify the mortgage because Nitsos did not provide all the documentation that Fifth Third requested and presented an affidavit wherein Fifth Third's lawyer averred that Nitsos did not request the meeting offered to him as required under MCL 600.3205a(1). Finally, it presented evidence that it gave Nitsos notice of foreclosure and properly foreclosed against the property. If left unrebutted, this evidence established that Fifth Third did not engage in any wrongful conduct with regard to the potential renegotiation of the loan and properly foreclosed against the property. It also established that Fifth Third was collecting on its own debt and, therefore, was as not a debt collector for purposes of the Fair Debt Collection Practices Act. See 15 USC 1692a(6). Consequently, in order to avoid summary disposition, Nitsos had to present evidence to rebut Fifth Third's evidence and establish a question of material fact on his claims. *Barnard Mfg*, 285 Mich App at 374.

In his response to Fifth Third's motion for summary disposition, Nitsos *alleged* facts that he claimed demonstrated that there was an issue of material fact, but he failed to support those allegations with affidavits, depositions, or other documentary evidence. See MCR 2.116(G)(4). He did not present any evidence that Fifth Third did not own the note or mortgage and did not present any evidence to contradict Fifth Third's evidence that it properly foreclosed against the property after Nitsos' default. Nitsos' primary contention before the trial court was that Fifth Third improperly handled his request for a loan modification.

Nitsos stated in his response to Fifth Third's motion that he provided "any requested documents" to Fifth Third through Lifetime Financial. However, the only evidence he attached to his response were copies of fax cover sheets and some emails. He did not provide the trial court with copies of all the records that he purportedly sent and the receipts and emails did not permit an inference that he fully complied with Fifth Third's requests. He did not even attach an affidavit where he averred that he complied with Fifth Third's requests.

Nitsos also conceded that he did not provide any records concerning his former wife's income; he merely contested whether Fifth Third really needed that documentation. He did not believe that Fifth Third's request for documentation on his former wife's income was necessary because he qualified on his own for a loan modification. But he failed to present any evidence that he qualified for a loan modification on his own. Moreover, by failing to respond to the requests made by Fifth Third, he admitted that he did not qualify for a loan modification and admitted that Fifth Third never represented that he qualified for a loan modification. See MCR 2.312(B)(1) and (D); *Medbury v Walsh*, 190 Mich App 554, 556-557; 476 NW2d 470 (1991) (stating that a party's failure to respond to a request for admission within the prescribed time limit results in the admissions automatically being deemed admitted and those admissions may serve as the basis for a grant of summary disposition). He also stated—again without citing any evidence for the proposition—that it was his understanding that Lifetime was handling a loan modification under MCL 600.3205a to MCL 600.3205d; he asserted that belief despite the fact that Fifth Third presented a letter in which it specifically notified Nitsos that he had to contact its lawyer or a listed housing counsellor to request a loan modification and warned him that it would not be sufficient to rely on any current mitigation options that he might be pursuing.

-6-

Although Nitsos stated in his response that he had made "allegations" sufficient to "raise at least material questions of fact" on each of his claims, his unsupported allegations were insufficient to rebut Fifth Third's properly supported motion for summary disposition. MCR 2.116(G)(4). In considering Fifth Third's motion, the trial court had to consider the "substantively admissible evidence actually proffered in opposition to the motion." *Maiden*, 461 Mich at 121. By failing to present any evidence to support his allegations, Nitsos left the trial court with no choice but to dismiss his claims. *Barnard Mfg*, 285 Mich App at 375; MCR 2.116(G)(4).

## III. MOTION TO COMPEL

### A. STANDARD OF REVIEW

Nitsos next argues that the trial court erred when it denied his motion to compel Fifth Third to provide him with information sufficient to enable him to redeem the property. This Court reviews a trial court's discretionary decisions for an abuse of discretion. See *Koster v June's Trucking, Inc*, 244 Mich App 162, 166, 625 NW2d 82 (2000). A trial court abuses its discretion when it selects an outcome that is outside the range of reasonable and principled outcomes. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). This Court, however, reviews de novo the proper interpretation and application of the common law. *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012).

### B. ANALYSIS

In the early stages of the litigation, Nitsos requested an order tolling the period of redemption from expiring and enjoining Fifth Third from "acting as if the redemption period has expired . . . ." The trial court entered an order to that effect and provided that it would remain in force "during the pendency of this case or until further order" of the trial court.

After Fifth Third moved for summary disposition, Nitsos asked the trial court to enter an order compelling Fifth Third to give him the information that he needed in order to attempt to redeem the property. Fifth Third argued in response that the trial court could not equitably extend the period of redemption in the absence of evidence of fraud or other irregularity in the foreclosure process. Because there was no evidence of fraud, Fifth Third further maintained, the restraining order did not toll the period of redemption and it had since expired.

The trial court noted that it entered the restraining order to prevent Fifth Third from evicting Nitsos while the case was being decided. The trial court agreed, however, that the period of redemption had since expired, given that the case had been decided against Nitsos. Consequently, it denied Nitsos' motion to compel.

As our Supreme Court has explained, a person's right to redeem property after a statutory foreclosure is a " 'legal right . . . created by the statute, and can neither be enlarged nor abridged by courts.' " *Heimerdinger v Heimerdinger*, 299 Mich 149, 155; 299 NW 844 (1941), quoting *Wood v Button*, 205 Mich 692, 703; 172 NW 422 (1919). A court, therefore, cannot use its equitable powers to relieve a party from the effect of the statutory forfeiture in the absence of fraud in the conduct of the legal measures attending foreclosure and redemption:

"Courts of equity have large powers for relief against the consequences of inevitable accident in private dealings, and may doubtless control their own process and decrees to that end. But we think there is no such power to relieve against statutory forfeitures. Where a valid legislative act has determined the conditions on which rights shall vest or be forfeited, and there has been no fraud in conducting the legal measures, no court can interpose conditions or qualifications in violation of the statute. The parties have a right to stand upon the terms of the law." [*Heimerdinger*, 299 Mich at 154, quoting *Cameron v Adams*, 31 Mich 426, 428 (1875).]

Stated another way, because the parties have a right to stand upon the terms of the law, courts have no general equitable power to relieve a party from the effect of a statutory forfeiture. See *Shulthies v Barron*, 16 Mich App 246, 247-248; 167 NW2d 784 (1969), citing *Heimerdinger*, 299 Mich 149. Indeed, even the filing of suit will not toll the period of redemption. See *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 714; 848 NW2d 482 (2014). A court may only grant relief in cases where there is clear evidence of fraud in the foreclosure or fraudulent conduct that prevented a party from exercising his or her right to redeem. See *Heimerdinger*, 299 Mich at 154-155; *Palmer v Palmer*, 194 Mich 79, 80-81; 160 NW 404 (1916); *Shulthies*, 16 Mich App at 247-248.

Fifth Third had the right to rely on the statutorily mandated period of redemption. And, in the absence of fraud, the trial court had no authority to use its equitable power to toll the period of redemption. After considering the parties' evidence and arguments, the trial court determined that the undisputed evidence showed that there were no irregularities in the foreclosure proceedings, let alone fraud that would warrant tolling the period of redemption. Because there was no evidence of fraud, the trial court implicitly understood that there was no basis for equitably extending the period of redemption to relieve Nitsos of the statutory forfeiture. *Heimerdinger*, 299 Mich at 154-155. Accordingly, it did not err when it determined that the period had expired. Given that Nitsos no longer had a right to redeem, we cannot conclude that the trial court abused its discretion when it denied his motion to compel or otherwise erred by failing to continue its restraining order after the dismissal of Nitsos' claims. *Smith*, 481 Mich at 526.

## IV. CONCLUSION

The trial court did not err when it dismissed Nitsos' claims under MCR 2.116(C)(10) and did not abuse its discretion when it denied Nitsos' motion to compel.

Affirmed. As the prevailing party, Fifth Third may tax its costs. MCR 7.219(A).


/s/ Henry William Saad
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

-8-