*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0102p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
───────────────

MICHAEL J. CONLIN,

                *Plaintiff-Appellant*,

       *v.*

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. ("MERS"); U.S. BANK,
NATIONAL ASSOCIATION, as trustee for an
unknown securitized trust; ORLANS
ASSOCIATES, P.C.; MARSHALL R. ISAACS,

                *Defendants-Appellees*.

No. 12-2021

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 5:11-cv-15352—John Corbett O'Meara, District Judge.

Argued: March 11, 2013

Decided and Filed: April 10, 2013

Before: MERRITT, MARTIN, and CLAY, Circuit Judges.

───────────────

**COUNSEL**

**ARGUED:** Brian P. Parker, Bingham Farms, Michigan, for Appellant. Thomas M. Schehr, DYKEMA GOSSETT PLLC, Detroit, Michigan for Appellees Mortgage Electronic Registration Systems and U.S. Bank. Timothy B. Myers, ORLANS ASSOCIATES, P.C., Troy, Michigan, for Appellees Orlans and Isaacs **ON BRIEF:** Brian P. Parker, Bingham Farms, Michigan, for Appellant. Thomas M. Schehr, Michael J. Blalock, DYKEMA GOSSETT PLLC, Detroit, Michigan, for Appellees Mortgage Electronic Registration Systems and U.S. Bank. Timothy B. Myers, ORLANS ASSOCIATES, P.C., Troy, Michigan, for Appellees Orlans and Isaacs.

––––––––––––––––––

**OPINION**

––––––––––––––––––

CLAY, Circuit Judge.  This appeal requires us once again to wade into the morass of litigation involving mortgage foreclosures under Michigan law.  In this case, Plaintiff Michael Conlin seeks to have the foreclosure sale of his property in Ann Arbor, Michigan set aside based on alleged defects in the assignment of the mortgage on the property from Defendant Mortgage Electronic Registration Systems to Defendant U.S. Bank.  For the following reasons, we **AFFIRM** the district court's dismissal of Plaintiff's case.

**BACKGROUND**

In April 2005, Plaintiff Michael Conlin refinanced his property at 1304 Belmar Place in Ann Arbor, Michigan (the "Property") by obtaining a loan from Bergin Financial, Inc. ("Bergin") in the amount of $240,000.  To secure the loan, Plaintiff granted Bergin a mortgage on the Property; he also executed a promissory note to Bergin promising to repay the loan.  Included in the mortgage was a provision that recognized Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as "a nominee[1] for [Bergin] and [Bergin's] successors and assigns."  (R. 7-3, Mortgage, PID# 486.)

Shortly after the note and mortgage were executed, Bergin sold the note to the Real Estate Mortgage Investment Conduit, of which Defendant U.S. Bank was the trustee.  The mortgage was held by MERS, as Bergin's nominee.  During this time, GMAC Mortgage, LLC acted as the servicer of the mortgage.[2]

––––––––––––––––––

[1]A "nominee" is "[a] party who holds bare legal title for the benefit of others."  Black's Law Dictionary 1149 (9th ed. 2009).

[2]Michigan law defines a "mortgage servicer" as the "servicing agent of the mortgage" and distinct from the "mortgage holder."  Mich. Comp. Laws § 600.3205(3)(b)–(c); *cf.* Mich. Comp. Laws § 445.1651a(s),(aa) (defining a "mortgage servicer" as a person who collects or remits, or has the right or obligation to collect or remit, for a lender, noteowner, or noteholder).

On May 15, 2008, Defendant Marshall Isaacs, acting on behalf of MERS, assigned the Mortgage to "U.S. Bank National Association as trustee." (R. 7-4, Assignment, PID# 505.) On November 29, 2010, Defendant Orlans Associates, P.C. ("Orlans") sent a letter to Plaintiff, pursuant to Mich. Comp. Laws § 600.3205a, notifying him that he was in default on the mortgage and of his ability to request a loan modification. The letter specified that it was sent by Orlans on behalf of GMAC as "the creditor to whom your mortgage debt is owed or the servicing agent for the creditor to whom the debt is owed." (R. 19-9, PID# 1113–14.) Plaintiff remained in default on the mortgage.

On March 3, 2011, Orlans published its first notice of a foreclosure sale of the Property in a local newspaper, pursuant to Mich. Comp. Laws § 600.3208. The notice stated that "the mortgage is now held by U.S. Bank National Association as Trustee by assignment." (R. 7-5, Sheriff's Deed and Notice Affidavits, PID# 510.) It noted that the sale would take place on March 31, 2011. This same notice ran on March 10, 17, and 24, 2011. The same notice was also "posted in a conspicuous place" on the Property, pursuant to Mich. Comp. Laws § 600.3208, on March 6, 2011. The Property was sold at a sheriff's sale on March 31, 2011 to U.S. Bank for a credit bid of $159,200. That sale was recorded on April 28, 2011.

On October 28, 2011, Plaintiff filed a complaint in Washtenaw County, Circuit Court, seeking damages and to have the foreclosure sheriff's sale of the Property set aside. Defendants removed the case to the United States District Court for the Eastern District of Michigan. On December 12, 2011, Defendants moved to dismiss Plaintiff's complaint. The district court granted dismissal on all counts on July 20, 2012. *Conlin v. Mortg. Elec. Regis. Sys., Inc.*, No. 11-CV-15352, 2012 WL 3013920 (E.D. Mich. July 20, 2012). Plaintiff timely appealed, invoking this Court's jurisdiction under 28 U.S.C. § 1291.

**DISCUSSION**

**A.     Standard of Review and Applicable Law**

We review a ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss *de novo*. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012). Though a complaint need not contain "'detailed factual allegations'" to be sufficient, it must go beyond mere "'labels and conclusions.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Following *Twombly* and *Iqbal*, it is well settled that 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Ctr. for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (in turn quoting *Twombly*, 550 U.S. at 570)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

Where, as here, federal jurisdiction is based on diversity, this Court applies the substantive law of the forum state—in this case, Michigan. *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In resolving issues of Michigan law, we look to the final decisions of that state's highest court, and if there is no decision directly on point, then we must make an *Erie* guess to determine how that court, if presented with the issue, would resolve it. *See id*. In making this determination, "[i]ntermediate state appellate courts' decisions are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently." *Id*. (internal quotation marks omitted).

**B.     Ability to Set Aside a Foreclosure Sale after the Lapse of the Statutory Redemption Period**

Non-judicial foreclosures, or foreclosures by advertisement, are governed by statute under Michigan law. *Munaco v. Bank of America*, No. 12-1325, 2013 WL 362752, at *3 (6th Cir. Jan. 31, 2013) (citing Mich. Comp. Laws § 600.3204 and *Senters*

*v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993)). While the statutory scheme provides certain steps that the mortgagee must go through in order to validly foreclose, *id.*, it also controls the rights of both the mortgagee and the mortgagor once the sale is completed, *Williams v. Pledged Prop. II, LLC*, No. 12-1056, 2012 WL 6200270, at *2 (6th Cir. Dec. 13, 2012) (citing *Senters*, 503 N.W.2d at 641). The statutes provide the mortgagor six months after the sheriff's sale in which to redeem the property. Mich. Comp. Laws § 600.3240(8); *see also Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 951 (6th Cir. 2012). Once this statutory redemption period lapses, however, the mortgagor's "right, title, and interest in and to the property" are extinguished. *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942); *see* Mich. Comp. Laws § 600.3236.

Michigan's foreclosure-by-advertisement scheme was meant to, at once, impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties. *See Mills v. Jirasek*, 255 N.W. 402, 404 (Mich. 1934) (citing *Reading v. Waterman*, 8 N.W. 691, 692 (Mich. 1881)); *see also Gordon Grossman Bldg. Co. v. Elliott*, 171 N.W.2d 441, 445 (Mich. 1969). To effectuate this interest in finality, the ability for a court to set aside a sheriff's sale has been drastically circumscribed. *See Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969); *see also Senters*, 503 N.W.2d at 643. Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made "a clear showing of fraud, or irregularity." *Schulthies*, 167 N.W.2d at 785; *see also Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." (internal quotation marks omitted)). Whether the failure to make this showing is best

classified as standing issue[3] or as a merits determination,[4] one thing is clear: a plaintiff-mortgagor must meet this "high standard" in order to have a foreclosure set aside after the lapse of the statutory redemption period. *See El-Seblani v. Indymac Mortg. Servs.*, No. 12-1046, 2013 WL 69226, at *4 (6th Cir. Jan. 7, 2013).

It is further clear that not just any type of fraud will suffice. Rather, "[t]he misconduct must relate to the foreclosure procedure itself." *Id.* (citing *Freeman v. Wosniack*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000)); *see also Williams*, 2012 WL 6200270, at *3 (citing *Heimerdinger v. Heimerdinger*, 299 N.W. 844, 846 (Mich. 1941), and *Sagmani v. Lending Assocs. LLC*, No. 302865, 2012 WL 3193940, at *1 (Mich. Ct. App. Aug. 7, 2012)).

### C.     Plaintiff's Claim of Fraud

As the six-month statutory redemption period has long since lapsed and the filing of a lawsuit is "insufficient to toll the redemption period," Plaintiff must make a clear showing of fraud or irregularity to maintain this action. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (citing *Schulthies*, 167 N.W.2d at 785). To do so, he asserts that U.S. Bank was not eligible to foreclose on him because, according to Plaintiff, U.S. Bank was not the note-holder, mortgage-holder, or servicer, as required under Mich. Comp. Laws § 600.3204(1)(d). He offers two bases for this claim.[5] First, he claims that the

---

[3] *See, e.g.*, *Williams*, 2012 WL 6200270, at *2–3 (citing *Awad v. Gen. Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166 (Mich. Ct. App. Apr. 24, 2012), and *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009)); *Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, at *5 (Mich. Ct. App. Apr. 12, 2007).

[4] *See, e.g.*, *El-Seblani v. Indymac Mortg. Servs.*, No. 12-1046, 2013 WL 69226, at *4 (6th Cir. Jan. 7, 2013); *Houston v. U.S. Bank Home Mortg. Wisc. Servicing*, No. 11-2244, 2012 WL 5869918, at *4 (6th Cir. Nov. 20, 2012).

[5] At various times during this appeal, Plaintiff has tried to frame his claim differently. First, at oral argument, Plaintiff's counsel asserted that GMAC was the foreclosing party, not U.S. Bank, and that this was the defect on which Plaintiff was basing his claim. His post-argument motion to take judicial notice of extra-record documents regarding GMAC confirms that this is his new construction of his claim. "Our function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks omitted). Plaintiff's complaint never once mentions GMAC, and his first appellate brief to this Court does not discuss GMAC in the argument section at all; therefore, we **DENY** Plaintiff's motion to take judicial notice and decline to reach the issue. *Lindsay v. Detroit Ent., LLC*, 484 F.3d 824, 831 (6th Cir. 2007) ("Plaintiffs did not make this argument until oral argument, and they therefore have waived it.").

assignment by Isaacs on behalf of MERS to U.S. Bank was forged or "robo-signed." Second, he claims MERS had no capacity to assign the Mortgage to U.S. Bank.

In *Livonia Properties*, this Court addressed a somewhat similar issue. In that case, the foreclosed-on party (Livonia Properties) asserted that the foreclosing party (Farmington Holdings) did not have the ability to foreclose on it because a prior assignment in the record chain of title between Lehman Brothers and a trust, which later validly assigned to Farmington Holdings, "may be invalid because the Trust did not actually exist" at the time of the assignment from Lehman Brothers. *Livonia Props. Holdings, LLC v. 12840–12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). We noted there that as a third party to the assignment, "[e]ven if there were a flaw in the assignment, Livonia [Properties] does not have standing to raise [it]." *Id.* This is because a third party may only challenge an assignment if that challenge would "'render[] the assignment absolutely invalid or ineffective, or void.'" *Id*. (citing 6A C.J.S. *Assignments* § 132).

Recently, in *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329 (Mich. 2012), the Michigan Supreme Court made clear that failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e., void *ab initio*) but merely voidable.[6] *Id*. at 337. The precise issue in *Kim* was whether the mortgagee's failure to record its interest before the

---

Second, at oral argument, Plaintiff's counsel attempted to press the argument that paragraph 20 of the Mortgage contracted around the Michigan rule that allows for a mortgage and a note to be held by separate entities. *See Residential Funding Co. v. Saurman*, 805 N.W.2d 183 (Mich. 2011). Paragraph 20 states, in relevant part, "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (R. 7-3, at PID# 495); *see also Gregory v. CitiMortgage, Inc.*, __ F. Supp. 2d __, No. 11-cv-15521, 2012 WL 3985119, at *11–12 (E.D. Mich. Sept. 11, 2012) (noting conflict among district courts as to whether such language requires a note and mortgage to be passed together). While this language is referred to in Plaintiff's complaint and in his opening brief, it is only done so in passing. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (internal quotation marks omitted). Therefore, we decline to reach this issue as well.

[6]     "Void *ab initio*" is defined as "null from the beginning, as from the first moment when a contract is entered into." By contrast, "voidable" is defined as "valid until annulled; especially, (of a contract) capable of being affirmed or rejected at the option of one of the parties."

*Kim*, 825 N.W.2d at 330 n.2 (alterations and internal citations omitted); *see* Black's Law Dictionary 1709 (9th ed. 2009).

initiation of foreclosure proceedings, as required by Mich. Comp. Laws § 600.3204(3), rendered the subsequent sheriff's sale void *ab initio*.[7] *Id*. at 331, 336. However, in the course of holding that a subsection (3) defect rendered a foreclosure merely voidable, the Michigan Supreme Court rejected the analysis of a case that dealt with a subsection (1)(d) defect, *Davenport v. HSBC Bank USA*, 739 N.W.2d 383 (Mich. Ct. App. 2007)—the same defect that Plaintiff is claiming in this case. *Kim*, 825 N.W.2d at 336–37.

In *Davenport*, the Michigan Court of Appeals held that the fact that the foreclosing defendant "had initiated the foreclosure proceeding several days before acquiring its interest in the mortgage . . . rendered the foreclosure proceedings void *ab initio*." *Id*. at 336 (citing *Davenport*, 739 N.W.2d at 347–48). Interpreting *Davenport* in *Kim*, the Michigan Supreme Court bluntly stated that "such a holding was contrary to the established precedent of this Court. We have long held that defective mortgage foreclosures are voidable." *Id*. at 336. Therefore, the Michigan Supreme Court broadly held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Id.* at 337. It then explained that to prove foreclosure-defect claims, "plaintiffs must show that they were prejudiced by defendant's failure to comply with [Mich. Comp. Laws. §] 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id*. (citing *Sweet Air*, 739 N.W.2d at 662, and *Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 413 N.W.2d 99, 101–02 (Mich. Ct. App. 1987)).

*Kim*'s holding makes § 600.3204 defects actionable to the same extent that notice defects under Mich. Comp. Laws § 600.3208 are—only on a showing of prejudice. We explained the actionability of notice defects under § 600.3208 in *Lessl v. CitiMortgage, Inc.*, No. 11-2285, 2013 WL 610904 (6th Cir. Feb. 19, 2013): "When 'the mortgagor would have been in no better position had notice been fully proper and the mortgagor

---

[7]Before turning to that issue, the Michigan Supreme Court rejected the state trial court's conclusion that the mortgage was not subject to § 600.3204(3)'s recording requirement because the mortgagor had obtained the mortgage by "operation of law." *Kim*, 825 N.W.2d at 333–36.

lost no potential opportunity to preserve some or any portion of his interest in the property,' courts uphold a completed foreclosure sale." *Id*. at *1 (quoting *Jackson*, 413 N.W.2d at 101) (citing *Sweet Air*, 739 N.W.2d at 662). *Lessl* involved a mortgagor's claim to set aside a sheriff's sale based on an alleged failure to post notice on his property. *Id*. We affirmed the district court's dismissal of the claim because the mortgagor had received actual notice of the foreclosure in the form of a letter from the foreclosing party. *Id*. at *2. Consequently, we found the mortgagor, who had allowed the statutory redemption period to lapse, incapable of "demonstrat[ing] prejudice from the non-posting." *Id*. Post-*Kim*, Michigan mortgagors seeking to set aside a sheriff's sale under § 600.3204 will have to demonstrate prejudice (e.g., double liability), *cf. Livonia Properties*, 399 F. App'x at 102, in the same way that those seeking a set-aside based on § 600.3208 (e.g., lack of actual notice) already must do.

Applying these precedents to this case, it is apparent that neither of Plaintiff's theories—the "robo-signed" assignment or MERS's incapacity to assign—can support this action. Even were the assignment from MERS to U.S. Bank invalid, thereby creating a defect in the foreclosure process under § 600.3204(1)(d), Plaintiff has not shown that he was prejudiced. He has not shown that he will be subject to liability from anyone other than U.S. Bank; he has not shown that he would have been in any better position to keep the property absent the defect; and he has not shown that he has been prejudiced in any other way. Additionally, he has also failed to make the clear showing of fraud in the foreclosure process required to challenge the foreclosure after the expiration of the six-month redemption period. *See also Sweet Air*, 739 N.W.2d at 662 (rejecting a claim of foreclosure-defect prejudice where the party seeking the set-aside was "not timely in challenging the validity of the foreclosure sale . . . [and] made no effort to redeem"). Therefore, as the statutory redemption period has lapsed and Plaintiff has suffered no discernible prejudice, the district court was correct to find that Plaintiff's claim was not actionable.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Plaintiff's case.