NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0316n.06

No. 13-2002

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 25, 2014
DEBORAH S. HUNT, Clerk

ALFUNZO STALEY,                                    )
                                                   )
         Plaintiff-Appellant,                      )
                                                   )     ON APPEAL FROM THE UNITED
v.                                                 )     STATES DISTRICT COURT FOR
                                                   )     THE EASTERN DISTRICT OF
THE BANK OF NEW YORK MELLON,                       )     MICHIGAN
                                                   )
         Defendant-Appellee.                       )
                                                   )
                                                   )


BEFORE: MERRITT, COOK, and DONALD, Circuit Judges.

**BERNICE B. DONALD, Circuit Judge.** Alfunzo Staley (Plaintiff-Appellant) appeals the dismissal of his wrongful foreclosure action against The Bank of New York Mellon ("BNYM") (Defendant-Appellee) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We review the district court's order de novo, *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995), and for the reasons below, we affirm.

On March 2, 2004, Appellant obtained a loan in the amount of $104,500 from American Equity Mortgage, Inc., which was secured by granting a mortgage against his property to the Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS later assigned its interest in the mortgage to BNYM, as permitted by the terms of the mortgage agreement.

After Appellant defaulted on his mortgage payments, BNYM initiated foreclosure proceedings and purchased the property at a foreclosure sale on January 12, 2012. Appellant did not exercise his right to redeem the property under Michigan law during the six month

redemption period, which ended on July 12, 2012. *See* M.C.L. § 600.3240(1). Instead, in September 2012, Appellant filed this wrongful foreclosure action in Wayne County Court, in which he sought to set aside the foreclosure by challenging the validity of BNYM's interest in the mortgage, and alleging that he was wrongfully denied a loan modification review in violation of M.C.L. § 600.3205a-c. BNYM removed the case to the Michigan district court and filed a motion to dismiss the complaint. The district court dismissed Appellant's complaint with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and denied Appellant's subsequent motion to reconsider. Appellant then filed this timely appeal, in which he argues that the district court should not have dismissed his claims.

Having carefully reviewed the record and opinion below, we find no reason to disagree with the reasoning provided by the district court in its order of dismissal. As the district court correctly stated, Michigan law typically precludes a mortgagor from challenging the validity of a foreclosure after the redemption period has ended, absent a showing of fraud or some other highly suspect irregularity in the foreclosure proceedings. *See Conlin v. Mortgage Elec. Registration Sys., Inc.,* 714 F.3d 355, 359-60 (6th Cir. 2013) (citing *Sweet Air Inv., Inc. v. Kenney,* 739 N.W.2d 656, 659 (Mich. Ct. App. 2007)) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside [after the expiration of the redemption period]."). Here, however, Appellant's allegations did not give rise to a cognizable claim under Michigan's foreclosure law or under any other theory of relief. As noted by the district court, Appellant received proper notice of the foreclosure and failed to take steps necessary to obtain a loan modification. Meanwhile, Appellant's attempt to challenge BNYM's interest in the mortgage lacks any foundation in law. As noted by the district court, a mortgagor lacks standing to challenge the

validity of such an assignment unless the claim is premised on allegations that the debtor was forced to double pay on the same debt as a result of that assignment. *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC,* 399 F. App'x 97, 102 (6th Cir. 2010). Given that Appellant makes no such claim here, and because his challenge to the validity of the assignment lacks any other basis in law, we find the district court's order of dismissal entirely appropriate. *Id.* Accordingly, for these reasons and those stated in the district court, we affirm the dismissal of Appellant's complaint.