Filed 6/30/14 Unmodified opinion attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAEED KESHTGAR, | 2d Civil No. B246193 |
| | (Super. Ct. No. CV120282A) |
| Plaintiff and Appellant, | (San Luis Obispo County) |
| v. | |
| | ORDER MODIFYING OPINION AND |
| U.S. BANK, N.A., as Trustee, etc., | DENYING REHEARING |
| | [NO CHANGE IN JUDGMENT] |
| Defendant and Respondent. | |

THE COURT:

It is ordered that the opinion filed on June 9, 2014, be modified as follows:

1. On page 4, second full paragraph, add the following sentence after (*Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1156.):

But a discussion distinguishing cases is not a holding.

2. On page 4 second full paragraph, delete the last sentence beginning with the words "No allegation" and ending with the words "cause of action."

3.  On page 5 before the first full paragraph, add the following paragraph:

Seemingly absolute rules are not absolute in all circumstances.  For example, a homeowner who can allege specific facts of fraud resulting in an action for foreclosure in which the homeowner has suffered demonstrable prejudice is a different story.  The holding in *Gomes* and *Jenkins* as well as our holding here is limited to the circumstances where the loan is in default and the borrower brings a judicial action challenging the authority of the party initiating foreclosure.

Appellant's petition for rehearing is denied. There is no change in the judgment.

Filed 6/9/14 Unmodified opinion

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAEED KESHTGAR, | 2d Civil No. B246193 |
| Plaintiff and Appellant, | (Super. Ct. No. CV120282A) |
| v. | (San Luis Obispo County) |
| U.S. BANK, N.A., as Trustee, etc., | |
| Defendant and Respondent. | |

Plaintiff obtained a loan secured by a deed of trust on real property. The loan is in default. He brings this action against the bank, as trustee of a mortgage trust, to prevent the bank from initiating foreclosure proceedings.

An insuperable barrier stands in his way, California's nonjudicial foreclosure statutes. *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, explains why actions such as plaintiff's are subject to demurrer.

One would think, indeed hope, that *Gomes* would put an end to cases like the instant one. For some hopefuls, *Glaski v. Bank of America, N.A.* (2013) 218 Cal.App.4th 1079, holds out the tantalizing prospect of a preemptive action to challenge a foreclosure. It does not. The yearning for a holding does not create one.

The trial court sustained the bank's demurrer to plaintiff's first amended complaint without leave to amend. We affirm the ensuing judgment.

FACTS

In May 2005 plaintiff Keshtgar executed a note for $910,000 secured by a deed of trust on real property, recorded on June 10, 2005. The deed of trust named Resource Lenders, Inc., as the lender, Cuesta Title, as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS), as the beneficiary acting as nominee for the lender, its successors and assigns.

On October 19, 2011, the deed of trust was assigned to U.S. Bank National Association, as trustee for the certificate holders of Harborview Mortgage Loan Trust (U.S. Bank). The assignment was executed by Alice Rowe, a MERS assistant secretary, and recorded on November 4, 2011.

Keshtgar's first amended complaint alleges on information and belief that Rowe is not an assistant secretary, employee or agent of MERS; not an employee or agent of Resource Lenders; has no written authority to convey any real property that MERS or Resource Lenders may have; and neither the board of directors of MERS or Resource Lenders approved the conveyance.

The complaint also alleges U.S. Bank did not receive an assignment of the note, was never in possession of the note, never acquired the rights of nor is a successor to MERS or Resource Lenders.

The complaint further alleges on information and belief that the mortgage assets held in trust by U.S. Bank are governed by a pooling and service agreement (PSA); that the PSA requires the trust assets be treated as a Real Estate Investment Conduit (REMIC); that any mortgage transferred to a REMIC more than three months after its closing date would not be a qualified transaction, would be taxed at 100 percent and would violate the PSA; and that the note and deed of trust at issue here were transferred to the REMIC more than six years after its closing date.

The complaint requests that the assignment of the deed of trust be declared void *ab initio* and cancelled; that the trial court declare U.S. Bank may not exercise any rights under the deed of trust, including the power of sale; and the court quiet title in Keshtgar and declare U.S. Bank has no right, title or interest in the property.

DISCUSSION

I.

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing, LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice. (*Ibid.*) But we do not assume the truth of contentions, deductions or conclusions of law. (*Ibid.*) Our review of the court's decision is de novo. (*Ibid.*) Where there is no reasonable possibility that plaintiff can cure a defect in a complaint with an amendment, an order sustaining a demurrer without leave to amend is not an abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 273, 274.)

II.

Stripped to its essence, Keshtgar's complaint alleges nothing more than the assignment between MERS and U.S. Bank did not occur or is void. The note[1] expressly allows the assignment. Significantly, neither MERS nor U.S. Bank, the parties to the assignment, are contesting its validity. Keshtgar admits in his opening brief that the loan has been "non-performing" since at least October 2011. Keshtgar fails to explain how he is aggrieved if U.S. Bank instead of MERS or the lender directs the trustee to foreclose.

In *Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th 1149, borrower brought a preemptive action to forestall foreclosure. The borrower's complaint alleged that MERS had no authority to initiate foreclosure proceedings because the owner of the note did not authorize MERS to proceed. The loan servicer demurred to the complaint. The trial court sustained the demurrer without leave to amend and entered judgment for defendants.

The Court of Appeal affirmed. The court noted that California's nonjudicial foreclosure statutes (Civ. Code, §§ 2924-2924k) provide a comprehensive framework for the regulation of nonjudicial foreclosures. (*Gomes v. Countrywide Home Loans, Inc.*,

---

[1] We grant U.S. Bank's request to take judicial notice of the note.

3

*supra*, 192 Cal.App.4th at p. 1154.) One purpose of this comprehensive scheme is to provide a beneficiary with a quick, inexpensive and efficient remedy against a defaulting borrower. (*Ibid.*) Nowhere does the scheme provide for a judicial action to determine whether the person initiating the foreclosure process is authorized. (*Id.* at p. 1155.) There is no ground for implying such an action. (*Ibid.*) Recognition of such a right would "fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." (*Ibid.*)

Given that Keshtgar acknowledges he has been in default since 2011, there appears to be no other purpose to the instant action than to delay a valid foreclosure.

Keshtgar argues that in *Gomes* the plaintiff had no factual basis to allege MERS lacked authority to initiate foreclosure. Keshtgar claims his complaint avoids this defect by alleging "a factual basis" on information and belief. It is true that in distinguishing federal trial court cases *Gomes* states: "It is also significant that in each of these cases, the plaintiff's complaint identified *a specific factual basis* for alleging that the foreclosure was not initiated by the correct party. Gomes has not asserted *any* factual basis to suspect that MERS lacks authority to proceed with the foreclosure." (*Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1156.) *Gomes* holds that the California statutory scheme allows no preemptive action to challenge the authority of the person initiating foreclosure. No allegation of fact, no matter how specific, is sufficient to overcome the absence of a cause of action.

The facts alleged in *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, are similar to those alleged here. Plaintiff alleged the trustee of a securitized investment trust had no authority to initiate foreclosure on a trust deed because "the promissory note was not transferred into the investment trust with a complete and unbroken chain of endorsements and transfers . . . ." (*Id.* at p. 510.) The trial court sustained the defendant's demurrer without leave to amend. The Court of Appeal affirmed, citing *Gomes* for the proposition that California's comprehensive nonjudicial foreclosure scheme does not provide for a preemptive action to challenge the

4

authority of the party initiating foreclosure.  (*Id.* at p. 513; see also *Yvanova v. New Century Mortgage Corporation*, 2014 WL 2149797(Cal.App. 2 Dist.).)

Keshtgar's reliance on *Glaski* is misplaced.  There the complaint alleged a cause of action for damages for wrongful foreclosure.  The theory of the complaint was that an attempted transfer of the loan into a securitized trust located in New York was void; thus, the foreclosing entity was not the true owner of the loan.  The trial court sustained the trustee's demurrer without leave to amend.  The Court of Appeal reversed.

In reversing, the Court of Appeal determined that a borrower has standing to attack a void assignment to which it is not a party.  (*Glaski v. Bank of America, N.A.*, *supra*, 218 Cal.App.4th at p. 1095.)  Applying New York trust law, the court determined that *Glaski* alleged sufficient facts to support the conclusion that the attempted transfer into the trust was void.  (*Id.* at p. 1097.)  The court distinguished *Gomes* on the ground that there plaintiff was attacking the right of MERS to initiate foreclosure as the lender's nominee.  (*Id.* at pp. 1098-1099.)  *Glaski* stated that, unlike the plaintiff in *Gomes*, the plaintiff in *Glaski* is not seeking a determination of a nominee's right to initiate foreclosure; instead, he is claiming an attempted transfer to the party seeking foreclosure was void.  (*Ibid.*)

*Glaski* can be distinguished from *Gomes* and the instant case in that it is a post-foreclosure action for damages, not an action to prevent foreclosure.  In *Gomes*, as in the instant case, plaintiff sought to prevent or at least forestall foreclosure.  *Glaski* does not implicate the statutory policy of providing a beneficiary with a quick, inexpensive and efficient method of foreclosure.

We believe *Glaski* reads *Gomes* too narrowly.  *Gomes* holds that there is no judicial action to challenge the authority of the person initiating the foreclosure process.  (*Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1155.)  As *Jenkins* shows, that applies whether the challenge is to the lender's nominee, or as here, a transferee.

We also disagree with *Glaski's* determination that a borrower has standing to challenge an assignment.  *Glaski's* reasoning relies on two federal Court of Appeals

5

cases interpreting the law of other jurisdictions and an unpublished federal district court case. (*Conlin v. Mortgage Electronic Registration Systems, Inc.* (6th Cir. 2013) 714 F.3d 355, 361; *Culhane v. Aurora Loan Services of Nebraska* (1st Cir. 2013) 708 F.3d 282, 291; *Gilbert v. Chase Home Finance, LLC* (E.D. Cal. May 28, 2013, No. 1:13-CV-265 AWI SKO [2013 WL 2318890].)

California cases hold, however, that even in post-foreclosure actions a borrower lacks standing to challenge an assignment absent a showing of prejudice. (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 86; *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507; *Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th at p. 271.) *Siliga* states: "[T]he Siligas fail to allege any facts showing that they suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process. The Siligas do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclose in these circumstances. Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment." (*Siliga*, *supra*, at p. 85.) The same can be said of Keshtgar's complaint. Even if there were a preforeclosure cause of action, Keshtgar would lack standing to challenge the assignment.

Keshtgar's reliance on *Barroso v. Owen Loan Servicing, LLC* (2012) 208 Cal.App.4th 1001, 1016, is also misplaced. The complaint in *Barroso* was filed after foreclosure and did not challenge the authority of the loan servicer to initiate foreclosure proceedings. Moreover, it alleged full performance.

Keshtgar offers to amend his complaint to allege that noncompliance with the PSA is evidence that his loan was not transferred into the trust. That is a departure from his allegation that noncompliance with the PSA rendered the transfer void as a matter of law. Whether the transfer is alleged to be void or never made, there is no preforeclosure cause of action to challenge the authority of the person initiating foreclosure.

6

The judgment is affirmed. Costs are awarded to respondent.

<u>CERTIFIED FOR PUBLICATION.</u>


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.


7

Charles S. Crandall, Judge

Superior Court County of San Luis Obispo
_____


Dennis Howard Moore for Plaintiff and Appellant.


Reed Smith LLP, David S. Reidy, Matthew J. Brady for Defendant and Respondent.