NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0910n.06

No. 13-2694

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| CHRISTOPHER A. GRIFFIN; LEONOR GRIFFIN, | ) ) ) | **FILED**<br>Dec 08, 2014<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| JPMORGAN CHASE BANK, N.A., et al., | ) ) | |
| Defendants-Appellees. | ) ) | |

BEFORE:  BATCHELDER and KETHLEDGE, Circuit Judges; COLLIER, District Judge.[*]

PER CURIAM.   Christopher A. Griffin and Leonor Griffin, husband and wife, are Michigan citizens.  They appeal through counsel two district court orders, one denying their motion to remand, and one dismissing their complaint challenging the mortgage foreclosure on their former residence.

In 2006, the Griffins took out a mortgage loan from defendant JPMorgan Chase Bank in the amount of $302,400 to purchase a home.  They defaulted on the loan, and the property was sold at a sheriff's sale in 2011 to the Federal Home Loan Mortgage Corp (Freddie Mac) for $320,630.15.   In 2012, the Griffins filed a complaint in Michigan state court alleging that defendant violated Michigan foreclosure law and the Michigan Regulation of Collection Practices Act.  The Griffins also named an unknown trust and an unknown trustee as defendants,

---

[*]The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

but those parties were never served. The defendant removed the case to the federal district court. The Griffins moved to remand the case to the state court, but the district court denied the motion.

Defendant then moved for dismissal of the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Griffins filed a response. The district court granted the motion and dismissed the complaint. On appeal, the Griffins argue that because defendant did not attach the state court summons to the notice of removal, the district court erred in denying their motion to remand. They also argue that the district court erred by dismissing their complaint.

When removing an action from state court to federal court, a party must file a copy of all process and pleadings they received in the state court. 28 U.S.C. § 1446(a). However, the failure to include all the pleadings and process is only a procedural defect; it is not jurisdictional. *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009). The Griffins failed to allege how they were prejudiced by the failure to include the summons with the notice of removal in order to justify a remand. Thus, the district court did not err in denying their motion to remand.

The Griffins' claim challenging the foreclosure was properly dismissed because the redemption period had lapsed and the Griffins failed to make a showing of fraud or irregularity to set aside the foreclosure. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013). The Griffins point to only one alleged irregularity: that the mortgage was never assigned to Freddie Mac. However, if it was defendant who foreclosed on the property, as they alleged, there was no need for an assignment. Alternatively, if it was Freddie Mac who initiated the foreclosure proceeding without an assignment of the mortgage, the Griffins would have to sue that defendant and not the named defendant, who would not be responsible for recording the assignment of the mortgage.

The district court properly dismissed the claim that defendant violated the Michigan Regulation of Collection Practices Act, because the complaint contained only a recitation of the elements of a cause of action under that Act, without any supporting facts to show that defendant committed any violation, and therefore was insufficient to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finding no error in the denial of the motion to remand or the dismissal of the complaint for failure to state a claim, we affirm the district court's judgment.