NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0175n.06

No. 14-1587

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 06, 2015
DEBORAH S. HUNT, Clerk

ELIZABETH BAZINSKI,

    Plaintiff-Appellant,

        v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE: MOORE, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM.

In this diversity action challenging a mortgage foreclosure, plaintiff Elizabeth Bazinski appeals the district court's order dismissing her complaint under Federal Rule of Civil Procedure 12(b)(6) and denying her motion for leave to file an amended complaint. For the reasons that follow, we affirm.

We review de novo the district court's dismissal of Bazinski's complaint for failure to state a claim. *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 469 (6th Cir. 2014). On review, we accept plaintiff's allegations as true and construe the complaint in her favor, but Bazinski's factual allegations must be enough to raise a right to relief above the speculative level; conclusory allegations or legal conclusions masquerading as factual allegations are insufficient to sustain a claim. *Id*. Where, as here, the district court denied plaintiff's motion to amend on

the basis of futility, we apply de novo review. *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014). "[T]he dispositive question . . . is whether plaintiff['s] proposed . . . amended complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (citation and internal quotation marks omitted).

Plaintiff alleges that in December 2003, her husband, without her knowledge and consent, borrowed $1,050,000 from Washington Mutual Bank and granted a mortgage on jointly owned real property located in Oakland Township, Michigan, to secure the loan. Bazinski alleges that her signature on the mortgage paperwork was forged, despite an acknowledgement by a notary public. On June 23, 2012, the mortgage was assigned to defendant JP Morgan Chase Bank ("Chase"). It is undisputed that a default on the loan occurred. Consequently, Chase initiated foreclosure proceedings in October 2012, followed by a sheriff's sale on January 8, 2013. Bazinski's husband subsequently filed for Chapter 7 bankruptcy protection.

On September 6, 2013, Bazinski filed the instant lawsuit in state court. She asserted six different claims, including: (1) "Deceptive Mortgage Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing" (Count I); (2) "Wrongful Foreclosure" (Count II); (3) "Accounting" (Count III); (4) "Forgery—Declaratory Judgment" (Count IV); (5) "Quiet Title" (Count V); and (6) "Fraud (Silent or the Inducement)" (Count VI). She sought damages and declaratory and injunctive relief.

Chase timely removed the matter to the federal district court and moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). In her response to Chase's motion, Bazinski further argued that the mortgage and subsequent assignments were recorded with errors in the legal description of the property, and she filed a motion for leave to amend her complaint to include a more detailed set of allegations regarding her legal description theory.

Following a hearing, the district court issued an opinion and order granting Chase's motion to dismiss and denying Bazinski's motion for leave to amend the complaint. In doing so, the court held that Bazinski had abandoned Counts I, II, III, and VI of her complaint by failing to address them in her response to Chase's motion to dismiss. With regard to Bazinski's forgery count, the district court, citing *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355 (6th Cir. 2013), held that this claim "fail[ed] as a matter of law because it d[id] not speak to a defect in the foreclosure proceeding itself nor [did] it allege prejudice sufficient to undo a completed sheriff's sale, especially given that the redemption period ha[d] expired." The court considered the merits of Bazinski's quiet title claim and dismissed it, holding that the property's common street address was sufficiently specific under Michigan law to allow the accurate ascertainment of the mortgaged property. Lastly, the court held that Bazinski's motion for leave to amend her complaint was both dilatory and futile, and therefore must be denied.

We have carefully reviewed the parties' briefs, the applicable law, and the record before our court, and we conclude that the district court did not err in granting Chase's motion to dismiss and denying Bazinski's motion to amend. As the district court set out the applicable law and correctly applied that law to Bazinski's allegations, issuance of a full opinion by this court would serve no jurisprudential purpose. Accordingly, for the reasons thoroughly discussed in the district court's well-reasoned opinion issued on April 11, 2014, we AFFIRM the judgment of the district court.