**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0328n.06

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
May 05, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| OTIS WILLIAMS, | ) |
| | ) |
|     Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| CITIMORTGAGE, INC., | ) MICHIGAN |
| | ) |
|     Defendant-Appellee. | ) |


BEFORE: COLE, Chief Judge; GILMAN and KETHLEDGE, Circuit Judges.


PER CURIAM. Otis Williams, a Michigan citizen, appeals through counsel a district court order granting judgment on the pleadings to defendant CitiMortgage, Inc.

Williams and his wife purchased a house in Detroit in 1999 by way of a mortgage loan from defendant's predecessor. The mortgage went into arrears, and Williams attempted to modify the loan. However, he did not obtain his estranged wife's signature as required by the modification documents. Defendant foreclosed on the property, and it was sold at a sheriff's sale in January 2012. The redemption period expired six months later, in July 2012.

Williams filed a complaint against defendant in Michigan state court in January 2013, alleging claims of breach of contract, fraud, unjust enrichment, and to quiet title. Williams alleged that he had been told by defendant that he did not need to obtain his wife's signature in

order for the modification to be approved.  But Williams failed to identify with any specificity the new terms that were allegedly agreed upon as part of the modification.

Defendant removed the complaint to federal district court and then filed a motion for judgment on the pleadings, to which Williams filed a response.  The district court granted the motion and dismissed the complaint.

We review de novo a dismissal under Federal Rule of Civil Procedure 12(c).  *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008).  The district court properly granted judgment on the pleadings to the defendant.  To challenge the foreclosure of his former home after the redemption period has expired, Williams must allege fraud in relation to the foreclosure procedure.  *See Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013).  Although Williams alleged that defendant falsely promised to modify the loan, he did not allege specific facts sufficient to plead this allegation.  Therefore, he did not state a claim for fraud in relation to the loan modification with adequate particularity.  *See Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (setting forth requirements for pleading fraud).

Accordingly, we affirm the district court's order dismissing this complaint.