NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0550n.06

No. 14-2593

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Aug 04, 2015

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOANN MARY YALDO, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| HOMEWARD RESIDENTIAL, INC.; | ) MICHIGAN |
| RESIDENTIAL CREDIT SOLUTIONS, | ) |
| INC., | ) |
| | ) |
| Defendants-Appellees. | ) |

Before: SUHRHEINRICH and GRIFFIN, Circuit Judges; STAFFORD, District Judge.[*]

PER CURIAM. Joann Mary Yaldo, a Michigan resident, appeals a district court order dismissing her wrongful foreclosure action and remanding an eviction proceeding to the state court.

Yaldo obtained a mortgage loan of $500,000 in 2007. She defaulted on the payments, and in 2010 a predecessor of defendant Homeward Residential, Inc. (Homeward), foreclosed on the property. Yaldo allowed the redemption period to expire. In 2014, Homeward signed a quitclaim deed to defendant Residential Credit Solutions, Inc. (Residential). Residential then filed an eviction proceeding in state court. Yaldo filed an action in state court raising claims of

---

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

wrongful foreclosure, quiet title, fraud, and violation of the Fair Debt Collection Practices Act (FDCPA). Defendants removed the case to federal district court. Yaldo then removed the eviction proceeding as well. Defendants moved to dismiss or for summary judgment, and to remand the eviction proceeding. The district court granted the motions to dismiss and remand. Yaldo reasserts her claims on appeal and argues that her filing of exhibits with her response to the motions to dismiss should have converted them into motions for summary judgment. Homeward requests an award of attorney fees and costs.

In order for a complaint to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), its legal conclusions must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because Yaldo allowed the redemption period following the foreclosure of her property to expire, she has no legal interest in the property that litigation might vindicate, *see Connolly v. Deutsche Bank Nat'l Trust Co.*, 581 F. App'x 500, 504 (6th Cir. 2014), unless she makes a clear showing of fraud or irregularity in the foreclosure procedure, *see Conlin v. Mortg. Elec. Registration Sys.*, 714 F.3d 355, 359–61 (6th Cir. 2013), and shows that she was prejudiced in her ability to preserve her interest in the property, *see id.*; *Connolly*, 581 F. App'x at 507–08.

Yaldo's claims of irregularity in the foreclosure procedure include an allegation that Homeward could not foreclose because it was in bankruptcy. Yaldo makes this argument despite Homeward's showing below that a different entity was involved in the bankruptcy proceeding. Yaldo fails to mention this fact in her brief. Next, Yaldo claims an irregularity on the basis that Homeward could not foreclose because it had transferred servicing of the loan to Residential. Counsel for Yaldo should be aware, as this court ruled in an earlier case in which he was counsel, that a mortgagee is authorized to foreclose. *Connolly*, 581 F. App'x at 506–07. Finally,

appellant argues without any authority in support that the recent transfer of the balance of the indebtedness after the foreclosure to another lender somehow indicates that the foreclosure was invalid. These claims do not clearly show any irregularity. Moreover, Yaldo fails to show any prejudice to her ability to preserve her interest in the property. As in *Connolly*, at 507–08, she does not allege that she made any attempt to redeem the property. Instead, as examples of how she was prejudiced, she cites the fact that defendants have not cancelled the note as paid in full and have "falsely" reported her default, labeling her a high credit risk. Plaintiff also alleges that she was fearful of making mortgage payments out of concern she would have to make the same payments again to the rightful owner of her debt. This allegation simply parrots the legal standard for prejudice, *see Conlin*, 714 F.3d at 362 ("Michigan mortgagors seeking to set aside a sheriff's sale under § 600.3204 will have to demonstrate prejudice (*e.g., double liability*)[.]") (emphasis added), without providing specific factual allegations of how the alleged irregularities prevented her from protecting her interest in the property during the foreclosure process. Allegations that are nothing more than "a formulaic recitation of the elements of a cause of action" will not suffice under Fed. R. Civ. P. 12(b)(6). *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The district court therefore properly dismissed Yaldo's claim of a wrongful foreclosure and her related claims to quiet title and for fraud.

Yaldo also alleged no facts to support her conclusory assertion that defendants are debt collectors who violated the FDCPA. *See Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). Finally, Yaldo's argument that her inclusion of exhibits in her response to the defendants' motions to dismiss should have converted them into motions for summary judgment is not well taken, because a complaint that cannot survive a motion to dismiss would not survive a motion for summary judgment.

Yaldo also challenges the district court's remand of the eviction proceeding to the state court. However, remand orders based on lack of subject matter jurisdiction are not reviewable. *See Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 558 (6th Cir. 2010). The district court found that Yaldo's notice of removal was untimely, no federal question was raised, and Yaldo was ineligible to remove as a Michigan resident. Therefore, Yaldo may not challenge the remand order in this appeal.

Homeward requests an award of attorney fees and costs in its brief. If defendants move for such an award as provided in Federal Rule of Appellate Procedure 38, the panel will entertain their argument and any response from appellant.

The district court's order dismissing Yaldo's complaint and remanding the eviction proceeding to the state court is affirmed.