NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0698n.06

No. 15-1204

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DANIEL P. WALLACE | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Oct 16, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JPMORGAN CHASE BANK, N.A., et. al. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

BEFORE:    BATCHELDER, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge.  In this foreclosure case, Daniel Wallace seeks damages and to have the 2013 foreclosure sale of his condominium set aside.  In his fourteen-count complaint, Wallace alleged that Chase, Fannie Mae, and Chase's foreclosure counsel (Orlans Associates, P.C. and Marshall Isaacs) violated various state laws as well as the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Fair Debt Collection Practices Act ("FDCPA").  However, this is not the first time Wallace has contested the foreclosure of his condominium; in 2009, Wallace sued Chase Home Finance (to which Chase is the successor-by-merger) in Michigan state court and presented many of the same arguments that he makes in the current action.  The district court dismissed Wallace's complaint in its entirety, ruling that many of Wallace's claims are barred by res judicata and collateral estoppel, that Wallace's suit comes after the expiration of the statutory redemption period and he has not sufficiently alleged that he

was prejudiced by fraud or irregularity, and that Wallace failed to adequately plead required elements in the remainder of his claims. The district court's well-reasoned opinion correctly dismissed all of Wallace's claims. *Wallace v. JPMorgan Chase Bank, N.A.*, No. 13–13862, 2014 WL 4772029 (E.D. Mich. Sept. 24, 2014). We adopt the district court's reasoning, with the following additions:

First, Wallace's argument that res judicata and collateral estoppel should not apply to his claims against Fannie Mae because he did not have a "meaningful opportunity" to add Fannie Mae (who shares the same interest in the mortgage and note as Chase) to the 2009 lawsuit lacks merit. In the district court, Wallace claimed that res judicata should not apply because Chase fraudulently concealed Fannie Mae's involvement. The district court rejected his claim because Chase's counsel informed Wallace of Fannie Mae's involvement in an email while the 2009 lawsuit was still pending. Wallace argues in response that he could not have added Fannie Mae to the 2009 lawsuit because he did not learn of Fannie Mae's involvement until too late in the case to add another party. Wallace cites cases that hold that res judicata does not apply under Michigan law when *facts* that could not have been discovered in the prior action later come to light, *see Ellis v. Dykema Gossett PLLC*, No. 301131, 2013 WL 3717799, at *5 (Mich. Ct. App. July 16, 2013), but does not cite a case that provides that res judicata does not apply when a party—especially one against whom identical claims would have been made—could not have been discovered. It is doubtful that adding a party who shares an identical interest to that of the named defendant would have altered Wallace's arguments before the state courts or persuaded the Michigan Court of Appeals to find in his favor. Instead, Chase adequately represented Fannie Mae's interests and prevailed, barring Wallace from relitigating those claims.

Second, Wallace's argument that we overrule a published opinion is unavailing. In dismissing Wallace's claims that seek to set aside the 2013 foreclosure sale, the district court relied on *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355 (6th Cir. 2013). Wallace asserts that *Conlin* was wrongly decided. However, without taking a case en banc, this panel "cannot reconsider a prior published case that interpreted state law, absent an indication by the state courts that they would have decided the prior case differently." *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (quoting *Blaine Constr. Corp. v. Ins. Co. of N. Am.*, 171 F.3d 343, 350 (6th Cir. 1999)) (internal quotation marks and brackets omitted). Thus, *Conlin* is binding on this panel and the district court's reliance on it was proper.

Third, the dismissal of Wallace's Counts XII (Violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692e and § 1692f) and XIII (Violations of the Michigan Regulation of Collection Practices Act, Mich. Comp. Laws § 445.252) was proper because the only factual allegation that survives res judicata and collateral estoppel does not state a claim under either statute. As the district court explained, the primary facts supporting both Counts XII and XIII—Wallace's claims that the October 2009 assignment was fraudulent and that Chase did not have authority to foreclose—are barred by res judicata and collateral estoppel. However, the district court did not address whether the remaining factual allegation that Chase and Orlans violated Mich. Comp. Law § 600.3205a by failing to provide the required notice of the 2013 foreclosure sale could suffice alone to state a claim under the FDCPA or the MRCPA.

Wallace claims that Chase and Orlans violated § 1692e under the FDCPA by making "false, deceptive, or misleading representation[s]" in connection with the collection of a debt. 15 U.S.C. § 1692e. Likewise, Wallace claims that Chase and Orlans violated § 445.252 under the MRCPA by making "inaccurate, misleading, untrue, or deceptive statement[s] or claim[s] in

a communication to collect a debt." Mich. Comp. Laws § 445.252(e). Here, based on plain readings of the statutes, the *lack* of notice is not a "representation" or a "communication." Wallace has not provided any support for the contention that a lack of notice—let alone a violation of Mich. Comp. Laws § 600.3205a—can serve as the basis for a violation of either statute.

Additionally, regarding Wallace's allegation that Chase and Orlans "attempt[ed] to collect amounts that were not permitted by law" in violation of 15 U.S.C. § 1692f by failing to comply with Mich. Comp. Laws § 600.3205(a), the only remedy Michigan law provided for violations of Mich. Comp. Laws § 600.3205, *et seq.*, was to permit mortgagors to convert a foreclosure-by-advertisement into a judicial foreclosure. Mich. Comp. Laws § 600.3205c(8); *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x. 492, 499 (6th Cir. 2014). Thus, even assuming that Chase and Orlans violated Mich. Comp. Law § 600.3205a, it still would have been lawful for them to collect the amount due on the loan, just under a different process. Further, the statutory remedy to convert the foreclosure by advertisement into a judicial sale is inapplicable to a case, such as this one, where the foreclosure sale has been completed. *Holliday v. Wells Fargo Bank, N.A.*, 569 F. App'x 366, 370 (6th Cir. 2014) (citing *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012)). Finally, dismissal of both Counts XII and XIII was proper because permitting Wallace to base an FDCPA or MRCPA claim solely on a violation of Mich. Comp. Law § 600.3205a would work an end-run around the statutory remedy provided in Mich. Comp. Laws § 600.3205c(8).

The judgment of the district court is affirmed.