Filed 12/1/14  Tervalon v. Bank of America CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KENNETH TERVALON et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>BANK OF AMERICA et al.,<br><br>    Defendant and Respondent. | 2d Civil No. B254174<br>(Super. Ct. No. 58-2013-<br>00430689-CU-OR-VTA)<br>(Ventura County) |

Borrowers on a note secured by a deed of trust on their residence bring this action to prevent foreclosure and for damages.  They claim transfers of the debt have made it impossible for the bank and its agents to prove they have the power to initiate foreclosure.  The trial court sustained the bank's demurrer to the second amended complaint without leave to amend.  We affirm the ensuing judgment.

### FACTS

The second amended complaint alleges as follows:

In April 2007 Kenneth and Marie Tervalon obtained a loan from the Bank of America (BofA) secured by a deed of trust on their residence in Simi Valley, County of Ventura.  BofA later attempted to transfer the note into an investment trust.  There is, however, no record of any assignment prior to the closing of the trust on September 27,

2007.  The attempted assignment was a failed attempt to transfer and securitize the Tervalons' note.  The claim of endorsements on the note has been broken and the beneficial interest in the note cannot be proven.

The Tervalons fell behind on their payments.[1]  In August 2011 Quality Loan Service Corporation was substituted as trustee under the deed of trust, and a notice of default was recorded.  (BofA and Quality are hereafter collectively "BofA" unless the context indicates otherwise.)

BofA intentionally deceived the Tervalons by claiming they would be reviewed for loan modifications.  While review was pending, no foreclosure proceedings would be commenced.  BofA commenced foreclosure proceedings and caused multiple notices of sale to be recorded.  BofA made the representation in order to induce the Tervalons to forestall pursuing any other means or remedies they had to fight the pending wrongful foreclosure.

The complaint does not allege that foreclosure has taken place and BofA claims it has not.

The Tervalons' complaint alleges causes of action for cancellation of void contract, quiet title, fraud, violation of Business and Professions Code section 17200 et seq. and declaratory relief.

The trial court sustained the BofA's demurrer to the second amended complaint without leave to amend.

DISCUSSION

I.

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory.  (*Intengan v. BAC Home Loans Servicing, LP* (2013) 214 Cal.App.4th 1047, 1052.)  We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial

---

[1] We grant BofA's Request for Judicial Notice (filed 9/2/14) of the Tervalons' bankruptcy documents in which they admitted arrearages of $72,000.

2

notice. (*Ibid.*) But we do not assume the truth of contentions, deductions or conclusions of law. (*Ibid.*) Our review of the trial court's decision is de novo. (*Ibid.*)

We review the trial court's decision to allow an amendment to the complaint for an abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 273.) Where there is no reasonable possibility that plaintiff can cure the defect with an amendment, sustaining a demurrer without leave to amend is not an abuse of discretion. (*Id.* at p. 274.)

## II.

The Tervalons contend the trial court erred in concluding they have no standing to challenge the assignment of their note.

The Tervalons alleged that because of unlawful, incomplete and unrecorded transfers of their note it is not possible for BofA, or anyone else, to prove it has the authority to foreclose. The Tervalons rely on *Glaski v. Bank of America N.A.* (2013) 218 Cal.App.4th 1079, for the proposition that borrowers have standing to challenge void assignments of their loans even though they are not a party to or a beneficiary of the assignment. We decline to follow *Glaski*.

In *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, borrower brought a preemptive action to forestall foreclosure. The borrower's complaint alleged that MERS had no authority to initiate foreclosure proceedings because the owner of the note did not authorize MERS to proceed. The loan servicer demurred to the complaint. The trial court sustained the demurrer without leave to amend and entered judgment for defendants.

The Court of Appeal affirmed. The court noted that California's nonjudicial foreclosure statutes (Civ. Code, §§ 2924-2924k) provide a comprehensive framework for the regulation of nonjudicial foreclosures. (*Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1154.) One purpose of this comprehensive scheme is to provide a beneficiary with a quick, inexpensive and efficient remedy against a defaulting borrower. (*Ibid.*) Nowhere does the scheme provide for a judicial action to determine whether the person initiating the foreclosure process is authorized. (*Id.* at p. 1155.)

3

There is no ground for implying such an action. (*Ibid.*) Recognition of such a right would "fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." (*Ibid.*)

Given that the Tervalons are in default on their loan, there appears to be no other purpose to the instant action than to delay a valid foreclosure.

We also disagree with *Glaski's* determination that a borrower has standing to challenge an assignment. *Glaski's* reasoning relies on two federal Court of Appeals cases interpreting the law of other jurisdictions and an unpublished federal district court case. (*Conlin v. Mortgage Electronic Registration Systems, Inc.* (6th Cir. 2013) 714 F.3d 355, 361; *Culhane v. Aurora Loan Services of Nebraska* (1st Cir. 2013) 708 F.3d 282, 291; *Gilbert v. Chase Home Finance, LLC* (E.D. Cal. May 28, 2013, No. 1:13-CV-265 AWI SKO [2013 WL 2318890].)

California cases hold, however, that even in post-foreclosure actions a borrower lacks standing to challenge an assignment absent a showing of prejudice. (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 86; *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507; *Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th at p. 271.) *Siliga* states: "[T]he Siligas fail to allege any facts showing that they suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process. The Siligas do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment. [Citation.]" (*Siliga*, *supra*, at p. 85.) The same can be said of the Tervalons' complaint. Even if there were a preforeclosure cause of action, the Tervalons would lack standing to challenge the assignment.

We need not discuss whether the Tervalons must tender the consideration they received prior to seeking to quiet title and cancel the contract. The trial court did not

4

err in concluding the Tervalons cannot challenge the authority of BofA to foreclose. The demurrer to the causes of action to quiet title and cancellation of contract were properly sustained.

As to the remaining causes of action, the Tervalons' only contention on appeal is that they are not time barred. But BofA's demurrer is not based solely on the argument that their causes of action are time barred. The demurrer also reaches the substance of the causes of action. The Tervalons' opening brief contains no citation to authority or even argument to show the trial court erred in sustaining the demurrer on the substantive grounds raised by BofA. The Tervalons have waived the point on appeal. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 701, p. 769.)

Finally, the Tervalons contend the trial court abused its discretion in not granting them leave to amend their complaint. But their opening brief fails to state how they could amend their complaint to state a valid cause of action. In the absence of such a showing, they failed to demonstrate an abuse of discretion. (See *People ex rel. Brown v. Powerex Corp.* (2007) 153 Cal.App.4th 93, 112 [appellant has a duty to spell out in his brief the specific proposed amendments].)

The judgment is affirmed. Costs are awarded to respondent.

NOT TO BE PUBLISHED.


BURKE, J.


We concur:


YEGAN, Acting P. J.


PERREN, J.

5

Mark S. Borrell, Judge

Superior Court County of Ventura
_____

Rodriguez Law Group, Patricia Rodriguez for Plaintiffs and Appellants.

Severson & Werson, Jan T. Chilton, Kerry W. Franich for Defendant and Respondent.