NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0281n.06

No. 14-1422

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Apr 15, 2015
DEBORAH S. HUNT, Clerk

GAIL HERHOLD,

     Plaintiff-Appellant,

v.

GREEN TREE SERVICING, LLC,

     Defendant-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:     BOGGS, SILER, and CLAY, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Gail Herhold appeals from the district court's February 28, 2014 judgment in this diversity-of-citizenship action granting Defendant Green Tree Servicing, LLC's ("Green Tree") Rule 12(b)(6) motion to dismiss and denying Herhold's motion to amend her complaint challenging the foreclosure-by-advertisement of her home.

For the following reasons, we **AFFIRM** the decision of the district court.

## I. BACKGROUND

Herhold executed a note and mortgage for $116,000 securing her house, located at 6226 Thorncliff Drive in Swartz Creek, Michigan, on November 16, 2004. The mortgage was subsequently transferred from the original mortgagee, Quicken Loans, Inc., to Green Tree. In June 2012, Herhold was granted a permanent loan modification agreement.

Herhold made her first monthly payment under the permanent modification agreement in June 2012 in the amount of $904.25. She failed to make her scheduled monthly payment in July, and made a second payment of $904.25 in early August 2012. Green Tree held the August payment in suspense because it was less than the sum owed by Herhold for the July and August scheduled payments. In September 2012, Herhold made an additional payment of $904.25, which Green Tree applied to her outstanding July debt. Herhold claims that sometime in September or October 2012, she received notice from Green Tree that she had an escrow arrearage. At the end of October 2012, she sent Green Tree a check for $1,104.25. This payment was rejected by Green Tree because it was insufficient to pay Herhold's overdue balance, which Green Tree reported as $3,623.12, as of November 1, 2012.

Green Tree then initiated foreclosure-by-advertisement against Herhold on November 13, 2012. Herhold claims she did not learn of the foreclosure until she saw a notice posted on her door informing her of an impending sheriff's sale in January 2013. Green Tree asserts that it sent notice to Herhold as required under Michigan law, but did not receive a response. Herhold contends that, upon learning of the foreclosure, she tried to "work with Green Tree to rectify the situation." (R. 5-5, Affidavit of Gail Herhold, Page ID # 240.) However, she recalls being "short of the [reinstatement] amount by $1700.00." (R. 6-3, Amended Complaint, Page ID # 306.)

The property was sold at a sheriff's sale on January 16, 2013 to Green Tree, which then transferred its interest in the property to the Federal National Mortgage Association ("Fannie Mae"). Under Michigan law, Herhold had the right to redeem the property on or before July 16, 2013. She did not do so. Rather, on August 15, 2013, Herhold filed a complaint against Green Tree challenging the foreclosure. Herhold's complaint was initially filed as a third-party

complaint in state court after Fannie Mae filed an eviction action against Herhold. The original complaint alleged two counts: (1) illegal foreclosure in violation of Mich. Comp. Laws §§ 600.3204, 3205a, and 3205c, and (2) breach of the mortgage contract.[1]

The state court granted Fannie Mae's motion to sever the third party complaint from the eviction action, and, on November 12, 2013, Green Tree removed Herhold's complaint to the United States District Court for the Eastern District of Michigan. Green Tree subsequently filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Herhold filed a motion to amend her complaint. Herhold's proposed amended complaint includes three claims: (1) the foreclosure-by-advertisement of her house was based on an invalid default, (2) Green Tree breached the mortgage contract by providing an inaccurate reinstatement amount, and (3) notice of the foreclosure was not sent to Herhold in the manner required by statute. On February 28, 2014, the district court denied Herhold's motion to amend as futile and granted Green Tree's 12(b)(6) motion to dismiss. Herhold timely appealed.

## II. DISCUSSION

### A. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its complaint with leave of the court and provides that leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal quotation marks omitted). This Court typically reviews a district court's denial of a plaintiff's motion for leave to amend a complaint for abuse

---

[1] Mich. Comp. Laws §§ 600.3204(4) and 3205 were repealed by 2014 Mich. Pub. Acts 125, § 1, effective on June 19, 2014, and Mich. Comp. Laws § 600.3205a was repealed by 2012 Mich. Pub. Acts 521, effective on June 30, 2013. All citations to these statutes refer to the versions which were in effect in January 2013, when the sheriff's sale took place.

of discretion. *Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 569 (6th Cir. 2003). However, a district court's denial of such a motion on the basis of futility is effectively a purely legal conclusion by the court that the amendment could not withstand a Rule 12(b)(6) motion to dismiss and therefore is reviewed *de novo*. *Midkiff v. Adams Cnty. Reg'l Water Dist*., 409 F.3d 758, 771 (6th Cir. 2005).

Likewise, the district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo*. *Conlin v. Mortgage Elec. Registration Sys., Inc.,* 714 F.3d 355, 358 (6th Cir. 2013). In considering a Rule 12(b)(6) motion, a court "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp*., 281 F.3d 613, 619 (6th Cir. 2002). A complaint should only be dismissed if it is clear to the court that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). The factual allegations need not be detailed, but must be more than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### B. Applicable Law

In cases such as this where federal jurisdiction is based on diversity, this Court applies the substantive law of the forum state. *Conlin*, 714 F.3d at 358. "In resolving issues of Michigan law, we look to the final decisions of that state's highest court, and if there is no decision directly on point, then we must [anticipate] how that court, if presented with the issue,

would resolve it." *Id.* at 358-59. The decisions of a state's intermediate appellate courts are "also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently." *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008).

## C. Analysis

As a preliminary matter, it bears noting that Herhold does not assert any arguments related to her original complaint. Instead, she exclusively argues that her *amended* complaint would have withstood a 12(b)(6) motion to dismiss. Herhold has thereby waived any arguments related to the dismissal of her original complaint. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005) ("[F]ailure to raise an argument in [one's] appellate brief constitutes a waiver of the argument on appeal."). Accordingly, we consider only whether the district court erred in denying Herhold's motion to amend on the basis of futility. This analysis is equivalent to determining whether Herhold's amended complaint could have withstood a 12(b)(6) motion to dismiss. *Midkiff*, 409 F.3d at 767.

Herhold's amended complaint challenges the foreclosure-by-advertisement of her property. Under Michigan law, foreclosures-by-advertisement, or non-judicial foreclosures, are governed by a statutory scheme that sets out the requirements that must be met prior to the commencement of a foreclosure. *See* Mich. Comp. Laws § 600.3204; *Conlin*, 714 F.3d at 359. This scheme identifies the rights possessed by both the mortgagor and the mortgagee once a foreclosure sale is completed. *Id.* Notably, mortgagors have the right to redeem property following a foreclosure sale for a statutorily determined period, which in this case was six months. Mich. Comp. Laws § 600.3240(8). Michigan courts and this Court have recognized that the "right to redeem from a foreclosure sale is a statutory right that . . . can neither be enlarged nor abridged by the courts." *Houston v. U.S. Bank Home Mortg. Wis. Servicing*, 505 F.

App'x 543, 548-49 (6th Cir. 2012) (quoting *Detroit Trust Co. v. Detroit City Serv. Co.*, 247 N.W. 76, 87 (Mich. 1933)). Once the redemption period has expired, the former owner's property rights are extinguished. *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942).

However, Michigan courts have held that, in certain circumstances, a foreclosure may be voidable even once the redemption period has expired. *See Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007); *Vanderhoof v. Deutsche Bank Nat'l Trust*, 554 F. App'x 355, 357 (6th Cir. 2014). "The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Kenney*, 739 N.W.2d at 659; *see also Conlin*, 714 F.3d at 359 ("Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made a clear showing of fraud, or irregularity." (internal quotation marks omitted)). Moreover, the alleged fraud "must relate to the foreclosure procedure itself." *Conlin*, 714 F.3d at 360.

Additionally, under Michigan law, a plaintiff must demonstrate prejudice for a court to set aside a foreclosure sale on the basis of a mortgagee's failure to comply with Michigan's foreclosure-by-advertisement statute. *Kim v. JP Morgan Chase Bank*, 825 N.W.2d 329, 337 (Mich. 2012). In order to demonstrate prejudice, plaintiffs "must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id*.

**1. Invalid Default under Michigan Compiled Laws § 600.3204(1)**

Michigan's foreclosure-by-advertisement statute provides that a foreclosure-by-advertisement may only be initiated if a number of conditions have been met, including "[a]

default in a condition of the mortgage." Mich. Comp. Laws § 600.3204(1)(a). Herhold's amended complaint alleges that there was no legitimate basis for the foreclosure-by-advertisement of her house because her default on the mortgage payments was actually contrived by Green Tree. To support this argument, Herhold points to: (1) Green Tree's failure to apply payments made by Herhold because they were only partial payments, and (2) discrepancies in Green Tree's billing statements that could cause confusion about the amount owed by Herhold. However, Herhold has failed to allege any fraud or irregularity in the foreclosure process and the facts alleged in her amended complaint do not support the conclusion that her default was invalid or contrived by Green Tree.

While it is true that Green Tree refused to apply two payments made by Herhold because they were insufficient to cover her outstanding debt, this refusal was permissible. The payments at issue are an August 3, 2012 payment for $904.25 and an October 24, 2012 payment for $1,104.25. Green Tree rejected outright the October 2012 payment and retained, but did not apply, the August 2012 payment. Herhold's mortgage contract explicitly permits Green Tree to reject underpayments once Herhold is in default. The first paragraph of the mortgage agreement provides that:

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted.

(R. 3-2, Mortgage Agreement, Page ID # 120.) Michigan courts have consistently held that, where the language of a contract makes the intent of the contract clear and not subject to conflicting interpretations, the court must enforce the contract as written. *Farm Bureau Mut. Ins.*

*Co. of Mich. v. Nikkel*, 596 N.W.2d 915, 919 (Mich. 1999). In this case, Herhold's contract with Green Tree unambiguously permits Green Tree to reject Herhold's partial payments, notwithstanding Green Tree's acceptance of one partial payment in September. Herhold's unsubstantiated argument that Green Tree's refusal to accept partial payments was improper is therefore without merit. Accordingly, Herhold's claim that her default was "contrived" by Green Tree is baseless. In fact, in her appellate briefing, Herhold concedes that she would still have been "short for October in the amount of $710.37" even if all of her partial payments had been applied. Appellant Br. at 19.

Second, Herhold contends that discrepancies in Green Tree's billing exacerbated the risk for confusion on her part. However, she never claims that this confusion led to her default, nor does she allege a strong showing of fraud or irregularity *in the foreclosure process*. *See El-Seblani v. IndyMac Mortg. Servs.,* 510 F. App'x 425, 429 (6th Cir. 2013) (explaining that for a court to set aside a foreclosure sale, the alleged "misconduct must relate to the foreclosure procedure itself"). Any billing discrepancies, under the circumstances of this case, thus could not form the basis for setting aside the foreclosure sale.

## 2. Breach of Mortgage Contract

Herhold further claims that Green Tree breached the mortgage contract by providing her with an incorrect reinstatement amount, thereby frustrating her right to reinstatement. Herhold's argument seems to be based on the notion that her reinstatement amount was higher than it should have been because Green Tree wrongfully refused to accept her partial payments. According to Herhold, had Green Tree accepted these payments, she would have had a lower reinstatement amount, which she would have been able to afford.

Herhold's argument is flawed. As was discussed in the previous section, the mortgage contract clearly permitted Green Tree to reject partial payments. (R. 3-2, Mortgage Agreement, Page ID # 120 ("Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current . . . , *but Lender is not obligated to apply such payments at the time such payments are accepted*." (emphasis added)).) To recover on a breach of contract claim in Michigan, the plaintiff must "prove by a preponderance of the evidence the terms of the contract, that the defendant breached the terms of the contract," and that the breach caused the plaintiff's injury. *In re Brown,* 342 F.3d 620, 628 (6th Cir. 2003). Herhold has failed to allege any facts that would support a breach of contract claim. While Herhold's reinstatement amount would have been lower if Green Tree had accepted and applied her partial payments, Green Tree was under no contractual obligation to do so. Thus, Green Tree did not breach the mortgage contract when it chose not to apply the partial payments.

### 3. Inadequate Notice under Michigan Compiled Laws § 600.3204(4)

The final count of Herhold's amended complaint alleges that Green Tree violated Michigan Compiled Laws § 600.3204(4) by commencing foreclosure proceedings without sending notice to Herhold in the manner required by § 600.3205a. Section 600.3204(4)(a) provides that a party may not commence foreclosure-by-advertisement proceedings if "[n]otice has not been mailed to the mortgagor as required by section 3205a." The relevant portion of § 600.3205a provides that "[a] person shall serve a notice . . . by mailing the notice by regular first-class mail and by certified mail, return receipt requested, with delivery restricted to the borrower, both sent to the borrower's last known address." Mich. Comp. Laws § 600.3205a(3).

Herhold's entire argument regarding Green Tree's allegedly faulty notice rests on her assertion that "[t]here is no evidence that notice was sent to Ms. Herhold by first-class mail" and that "[she] does not recall receiving a first class letter from [Green Tree.]"[2] (R. 6-3, Amended Complaint, Page ID # 311.) Herhold's assertion that she *does not recall* receiving notice via first class mail falls short of the required "clear showing of fraud, or irregularity" necessary to overturn a foreclosure sale. *Conlin*, 714 F.3d at 359; *see also Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 927 (6th Cir. 2013). Moreover, Herhold fails to allege that she was prejudiced by Green Tree's alleged notice deficiency. By her own admission, once Herhold saw the notice posted on her door, she contacted Green Tree in order to "rectify the situation" prior to the sheriff's sale. Appellant Br. at 11. At that point, according to Herhold, she discovered that she was $1,700 short of the reinstatement amount and offered to pay that amount after she received her tax refund. This offer was rejected by Green Tree's counsel. Herhold has made no factual allegations suggesting that she would have been able to pay her reinstatement amount if she had received earlier mailed notice.

In sum, the factual allegations in Herold's amended complaint are insufficient to support her claims that (1) the foreclosure was based on an invalid default; (2) Green Tree breached the mortgage contract; and (3) Green Tree's foreclosure notice was deficient. Moreover, the amended complaint fails to allege "a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside," *Sweet Air Inv.*, 739 N.W.2d at 659, and

---

[2] As for the requisite certified letter, Green Tree provided a postal service receipt indicating that three unsuccessful attempts were made to deliver a certified letter to Herhold at her home and that notice was left each time. After the third unsuccessful attempt, the certified letter was returned to Green Tree. In her amended complaint, Herhold asserts that, "[o]n information and belief, Ms. Herhold does not recall receiving any notices to pick up a certified letter from Green Tree." (R. 6-3, Amended Complaint, Page ID # 305.) Herhold does not allege that Green Tree failed to fulfill its statutory duty to send notice by certified mail.

Herhold did not allege that she was prejudiced by any of Green Tree's purported misconduct. Accordingly, the district court did not err by denying Herhold's motion to amend her complaint on the basis of futility. Nor did it err by granting Green Tree's 12(b)(6) motion to dismiss.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the district court.